**Warren E. DeLONG,**
**Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Health & Human Services, Defendant-Appellee.**

**No. 84–1670.**

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 1985.

Decided Aug. 21, 1985.

Douglas J. Atz, Auburn, Ind., for plaintiff-appellant.

R. Lawrence Steele, Jr., U.S. Atty., Hammond, Ind., David H. Miller, Asst. U.S. Atty., Ft. Wayne, Ind., and Mimi Hwang Leahy, Asst. Reg. Atty., H.H.S., Chicago, Ill., for defendant-appellee.

Before BAUER, WOOD and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This appeal from a judgment for the Secretary of Health and Human Services requires us to decide a novel question involving the scope of review by the Appeals Council of the Social Security Administration in disability cases. For background on the Appeals Council, see 2 McCormick, Social Security Claims and Procedure §§ 599–604 (1983); Mashaw, et al., Social Security Hearings and Appeals 102–07 (1978).

DeLong applied for disability benefits, and an administrative law judge granted them, but only up to August 18, 1981. At the hearing on August 12 DeLong had testified that he was now ready to return to work, and on the basis of this and other evidence the administrative law judge concluded that DeLong's disability had ended. Within 60 days of the decision DeLong filled out an application at his local social security office to appeal to the Appeals Council from the administrative law judge's decision to grant him benefits only until August 18. DeLong argues that he did not intend to appeal to the Appeals Council—that he thought he was signing a new application for benefits. But the form he filled out was unambiguous, and the case was duly referred to the Appeals Council for review based on DeLong's contention (made in the application for review) that he was still disabled. The Appeals Council, however, concluded that DeLong had never been disabled, and reversed the administrative law judge's decision, though only after notifying DeLong of its intention to do so and offering him an opportunity, which he rejected, to appear in person before the Council. DeLong then brought the present action, in which he seeks judicial review of the Appeals Council's action in denying him benefits. So far as ap-

pears, the Social Security Administration is not seeking repayment of any disability benefits that may actually have been paid DeLong pursuant to the administrative law judge's decision.

■ The only issue not adequately discussed in the district court's opinion is whether the Appeals Council has the power, when reviewing an administrative law judge's decision at the behest of an applicant for social security disability benefits who believes that the administrative law judge did not make a sufficiently generous award, to throw out the entire award if contrary to the law or facts of the case. No statute or regulation deals with the question, although we understand that it is the general practice of the Appeals Council, not an aberration. In *Garrison v. Heckler*, 765 F.2d 710, 712 (7th Cir.1985), we assumed the propriety of the practice without discussing the issue; the claimant in that case had not questioned it. *Garrison* by the way is some evidence that the Appeals Council's practice is indeed a general one; apparently it has not always been, see Mashaw, et al., *supra*, at 104.

A regulation, the validity of which is not questioned, provides: "Anytime within sixty days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken." 20 C.F.R. § 404.969. It seems clear from the wording ("decision or dismissal"), and was assumed in our recent opinion in *Scott v. Heckler*, 768 F.2d 172 (7th Cir. 1985), as well as in the First Circuit's opinion in *Lopez-Cardona v. Secretary of Health & Human Services*, 747 F.2d 1081, 1082–83 (1st Cir.1984), that the power extends to decisions granting as well as denying benefits. There would be little point to giving the Appeals Council a power to review only denials of benefits on its own initiative, since in most cases of denial the disappointed applicant will appeal if there is any ground for an appeal. The wording of section 404.969 is more neutral than that of section 404.987(a) (reopening). The latter could be read to make the reopening of a disability case a remedy of the dis-

appointed applicant: "Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision." See *Silvis v. Heckler,* 578 F.Supp. 1401 (W.D.Pa.1984) (construing identical language in 20 C.F.R. § 416.1487(a) relating to applications for supplemental security income benefits); but see *Munsinger v. Schweiker,* 709 F.2d 1212, 1215 (8th Cir.1983). The word "However" in the quoted passage is particularly suggestive that reopening is intended to be for the benefit of the disappointed applicant only—though of course we need not decide in this case whether it must be limited so.

The main purpose of section 404.969, the section involved in this case, must be to make the administration of the disability benefits program more consistent by allowing appellate review of decisions in favor of as well as adverse to claimants. This method of assuring greater consistency of results would not be necessary if the proceedings before the administrative law judge were adversarial, but they are not; if the claimant wins, there is no one to appeal. It might not be necessary if there were few judges and few decisions; but the Social Security Administration has hundreds of administrative law judges deciding in the aggregate hundreds of thousands of disability cases a year. The need for greater consistency is acute, cf. *Garrison v. Heckler, supra,* 765 F.2d at 714; *Cummins v. Schweiker,* 670 F.2d 81, 83 (7th Cir.1982), though the practical ability of the Appeals Council, which reviews 40,000 cases a year, to achieve it has been questioned, see Mashaw, Bureaucratic Justice: Managing Social Security Disability Claims 105 (1983).

If the Appeals Council had exercised its powers under section 404.969 and reversed the administrative law judge's grant of benefits to DeLong, there would be no question of the propriety of its action. (The problem that led a panel of this court to reverse the Appeals Council's assumption of jurisdiction in the *Scott* case is not present here.) But the Appeals Council did not proceed under section 404.969. Rather, the claimant sought appellate review, under 20 C.F.R. § 404.967. Since the claimant must take his appeal within 60 days, which is the same period that section 404.969 gives the Appeals Council to decide on its own initiative whether to review the administrative law judge's decision, it would be a quite pointless exercise in shuffling paper for the Council, having received the claimant's notice of appeal within 60 days, to then have to issue its own notice of intent to review the case. Such notice would in fact be perfectly redundant, since the filing of the claimant's notice of appeal obliges the Appeals Council to review the case anyway. If the Appeals Council has, as it unquestionably does, the power to review a grant of benefits on its own initiative, it must have that power in an appeal initiated by the claimant himself.

It can be argued that the exercise of that power could discourage appeals. But this is like saying that cross-appeals are improper because they make appeals less attractive, which is certainly not the accepted position. In any event DeLong could not, simply by not appealing, have prevented the Appeals Council from exercising its power under section 404.969 to review the grant of benefits to him on its own initiative. We add that there is no suggestion that the Appeals Council is exercising this power in a misleading, oppressive, or otherwise improper fashion. And it is plain for the reasons given by the district court that DeLong in fact was not legally entitled to the benefits that he sought.

AFFIRMED.