Joseph POWELL, Appellant,

v.

Margaret M. HECKLER, Secretary of
Health & Human Services.

No. 85–3016.

United States Court of Appeals,
Third Circuit.

Argued Jan. 14, 1986.

Original Opinion Decided Feb. 18, 1986.

Amended Opinion Decided May 2, 1986.

Martin Singer, John McTiernan (argued), McArdle, Caroselli, Spagnolli & Beachler, Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for appellee; Beverly Dennis, III, Regional Atty., John E. Newton, Jr. (argued), Asst. Regional Atty., Philadelphia, Pa., of counsel.

Before ADAMS and HUNTER, Circuit Judges and FISHER, District Judge *.

AMENDED OPINION OF THE COURT

CLARKSON S. FISHER, District Judge.

This appeal raises a novel issue concerning the scope of the review which may be undertaken by the Appeals Council of the Social Security Administration where a claimant, aggrieved by only one aspect of the determination of the administrative law judge (ALJ), requests review of a narrow aspect of the ruling. Also in question is the notice to which the claimant is entitled, if any, where the Appeals Council's review goes substantially beyond the question originally presented. For the reasons which follow, we reverse. Our decision here makes it unnecessary to reach other questions suggested by the record, particularly whether the determination below is supported by substantial evidence. 42 U.S.C. § 405(g).

Appellant is a 59-year old former steel foundry worker with a seventh grade education. He stopped working on August 27, 1981, when his foundry was closed, and

* Hon. Clarkson S. Fisher, Chief Judge, United States District Court for the District of New Jersey, sitting by designation.

applied for disability benefits on November 30, 1981, alleging a history of respiratory ailments. The record contains references to pneumoconiosis, silicosis, asbestosis, and bronchitis.

A hearing was conducted before an ALJ on July 1, 1982, during which appellant testified that he had been able to continue working until the closing of his plant only because his quotas were reduced as part of the phasing out of production. In a decision dated August 3, 1982, the ALJ determined that appellant was incapable of substantial gainful employment and was entitled to benefits as of January 1, 1982. Appellant, satisfied with this determination, urged however that August 27, 1981, rather than January 1, 1982, should have been fixed as his date of onset. Therefore, on August 20, 1982, timely application was made pursuant to 20 C.F.R. § 404.967 [1] for Appeals Council review of the onset date. There were no further proceedings in the matter until May 16, 1983, when the Appeals Council notified appellant that his request for review had been granted. The notification, however, further advised that upon evaluation of the entire record the Council had concluded that appellant did not have a "severe impairment" nor was he under a "disability" within the meaning of the Social Security Act. The Appeals Council therefore proposed to reverse the determination of the ALJ and this action became the final decision of the Secretary on August 23, 1983. The date of onset question was never addressed by the Appeals Council.

Significantly, there is no indication in the record that, between August 3, 1982, and May 16, 1983, the Secretary provided appellant with any notice of her intent to challenge the ALJ's underlying disability determination. Such notice would clearly have been required within 60 days of the ALJ's decision under 20 C.F.R. § 404.969 [2] had not appellant himself sought review. It is also noteworthy that during this period he was awarded workers compensation benefits by the Commonwealth of Pennsylvania on March 25, 1983.

Appellant filed a complaint in the District Court for Western Pennsylvania on September 6, 1983, seeking reversal of the Secretary's decision. The matter was then referred to a United States Magistrate. The following arguments were made on behalf of appellant in the District Court:

1. The Appeals Council erred in reversing the ALJ's decision which was supported by substantial evidence.

2. The Appeals Council erred by failing to limit its evaluation to the single issue raised by appellant.

3. The Appeals Council erred by failing to consider updated physician's reports which were supplied by appellant after the ALJ's decision and prior to the Council's final ruling.

The Magistrate recommended that the final determination of the Secretary be affirmed. The recommendation found the Secretary's conclusion to be supported by substantial evidence, rejected appellant's argument regarding the scope of review,[3] and omitted

1. § 404.967 Appeals Council review—general.
    If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review or it may grant the request and either issue a decision or remand the case to an administrative law judge. The Appeals Council shall notify the parties at their last known address of the action it takes.

2. § 404.969 Appeals Council initiates review.
    Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review

the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

3. Specifically, the following paragraph is the sum discussion of the Magistrate's rationale for dismissing appellant's scope of review theory. The passage cites no authority for the ultimate conclusion:
    The plaintiff relies on 20 C.F.R. § 404.969 which permits the Appeals Council to elect to reopen a favorable determination within sixty days of that decision. However, the plaintiff neglects to take into account that he made a timely request for review of the determination of the Administrative Law Judge thereby placing the entire record before the Appeals Coun-

mention of the additional medical evidence as well as appellant's favorable determination from the Pennsylvania Workers Compensation Bureau. The District Court adopted the Magistrate's report and recommendation and granted the Secretary's cross-motion for summary judgment on December 5, 1984.

As noted previously, we do not reach the issue, so frequently the focus of this type of appeal, of whether the Secretary's determination is supported by substantial evidence or the issue pertaining to appellant's new medical evidence and compensation award. Instead, we reverse and remand, because the Appeals Council was wrong in extending the scope of review without proper notice to the claimant.

The Appeals Council, as is noted in the margin, is explicitly authorized "within 60 days after the date of a hearing decision" to "decide to review the action that was taken." 20 C.F.R. § 404.969. Similarly, a claimant may request Appeals Council review by filing an application within 60 days of receiving notice of the decision. 20 C.F.R. § 404.967 and § 404.968. The regulations, however, are silent as to the scope of the review which may be undertaken by the Council upon a request such as Mr. Powell's. Therefore the questions are whether the Council's review is limited to the narrow issue raised by claimant or may the Council *sua sponte,* and without further notice, review the entire record for the purpose of reversing the ALJ's original disability finding. If the latter course is chosen, a secondary question arises: whether or not the Appeals Council should still notify the claimant who has himself sought review, within time, of its intention to undertake the broader examination. Neither appellant nor appellee has cited any controlling regulation, statute, or decision to the court.

Within certain parameters, courts must generally accord substantial deference to administrative agencies in areas such as fact-finding, *Estep v. Richardson,* 459 F.2d

1015, 1016 (4th Cir.1972); *Ferenz v. Folsom,* 237 F.2d 46, 49 (3d Cir.1956), and policy-making, *I.C.C. v. Inland Waterways Corp.,* 319 U.S. 671, 691, 63 S.Ct. 1296, 1307, 87 L.Ed. 1655 (1942); *Schuman Company v. Nelson* 219 F.2d 627, 630 (3d Cir.1955). No such tolerance, however, is required in matters pertaining strictly to an agency's observance and implementation of its self-prescribed procedures. The courts, to protect due process, must be particularly vigilant and must hold agencies, such as the Social Security Administration, to a strict adherence to both the letter and the spirit of their own rules and regulations. Accordingly, the following considerations require us to reverse.

First, the unembellished language of § 404.969 entitles claimants to notice within 60 days where the Appeals Council plans a review. There is nothing on the face of § 404.969 which absolves the Council of its self-imposed duty to provide timely notification of review simply because the claimant has previously filed for reconsideration under § 404.967. When the review anticipated by the Council is to be substantially greater than, or entirely different from, that requested, such notice albeit "counternotice" of a sort, is neither redundant nor superfluous but rises to the level of necessity.

The point is made by the facts of this case. When nine months passed without notification of the broad scope of review intended by the Appeals Council, appellant had no reason to suspect that his disability determination would not be accorded the full repose to which it was entitled upon the running of the prescribed 60-day period. Moreover, the wholesale reassessment of the record ostensibly generated by the limited application for reconsideration effectively reduced whatever notice appellant might have had to a nullity. The fact that the Council entirely ignored the original issue raised by appellant succinctly underscores the point. If the Secretary had intended that a claimant's notice of appeal

cil for review. He cannot now seek to limit the scope of that review.

Magistrate's Report and Recommendation, No. 83–2241, slip op. at 12 (W.D.Pa. Nov. 19, 1984).

should invite full review of all aspects of the underlying administrative determination, she could easily have reserved this right and expressed her intention in the regulation, thereby warning applicants of the risk they take when seeking review. In the absence of such an articulation, it would be improper for us to construe the regulation to mean what the Secretary might have intended but did not adequately express. *Usery v. Kennecott Copper Corp.,* 577 F.2d 1113, 1117 (10th Cir.1977). "In fairness to the regulated, the provisions of the regulations should not be deemed to include what the administrator, exercising his delegated power, might have covered but did not cover." *Tobin v. Edward S. Wagner Co.,* 187 F.2d 977, 979 (2d Cir.1951).

Additionally, statutes and regulations should be read and construed as a whole and, wherever possible, given a harmonious, comprehensive meaning. *See Weinberger v. Hynson, Westcott and Dunning,* 412 U.S. 609, 631–632, 93 S.Ct. 2469, 2484, 37 L.Ed.2d 207 (1973); *United States v. Stauffer Chemical Co.,* 684 F.2d 1174, 1184 (6th Cir.1982); *Ashcroft v. United States Dept. of Interior,* 513 F.Supp. 595, 598 (D.Ariz.1981). We therefore look to and find support in the Secretary's overall regulatory scheme. We note that if the court were to accept the Secretary's view, the 60-day limit imposed on her right to appeal would be rendered meaningless in cases such as this. Similarly, the Secretary's right to initiate termination proceedings would become an extraneous appendage. Our reading of the regulations avoids these results while giving force and effect to all provisions and preserving the general regulatory design.

Finally, the Secretary is still not without recourse should she conclude, even after 60 days, that an error has been committed at a lower administrative level. As mentioned above, the regulations authorize the Secretary to institute procedures for the suspension or termination of benefits in certain situations and impose no time limitations on such action. *See, e.g.,* 20 C.F.R. § 416.-1321 et seq.

Therefore we hold that where a claimant makes timely application pursuant to 20 C.F.R. § 404.967 for review of a limited issue, such as date of onset, the Appeals Council's obligation, under 20 C.F.R. § 404.969, to provide notice within 60 days of a hearing decision of its intention to undertake a broader or full review on the merits is not abrogated, and failing such notice the Appeals Council may not review *sua sponte* questions clearly beyond those framed by the claimant.

This result is by no means intended to disturb or encroach upon the accepted rule that agency interpretations of self-prescribed regulations are to be afforded a considerable presumption of validity. *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1964). As a general principle in the abstract, this judicial deference to the sound exercise of discretion is unassailable and rests at the very cornerstone of administrative law. Kramer, *The Place and Function of Judicial Review in the Administrative Process,* 28 Fordham L.Rev. 1, 6–11 (1959). Nonetheless, it is our perception of the realities unique to social security litigation and to this dispute which causes us to announce the caveat which the court appends to the general rule today.

Specifically, we take note that "[a]dministrative construction is less potent than it otherwise would be where it does not rest upon matters peculiarly within the administrator's field of expertise." *Thompson v. Clifford,* 408 F.2d 154, 167 (D.C.Cir.1968). Here, the focus is exclusively on procedural considerations pertaining to notice and fundamental fairness, in other words, *legal* issues not generally recognized to be within the Secretary's ken and, for obvious reasons, more commonly consigned to the judiciary's "field of expertise." 4 K. Davis, *Administrative Law Treatise,* §§ 30.09, 30.14 (1958). The Social Security Administration's expertise and specialized judgment in the areas of health and social welfare would, of course, be highly relevant factors deserving of deferential considera-

tion were we, for example, reviewing the record for "substantial evidence" of disability. But that is not the case before us. Additionally, the law cannot condone administrative discretion—such as the procedural method advocated by the Secretary in this case—which offends basic notions of fairness and more often than not falls heavily upon economically and socially disadvantaged claimants.

To summarize then, we acknowledge and reaffirm the general rule of deference to administrative interpretation as well as the various rationales attendant thereto.[4] At the same time we note the distinctive features of this case and accordingly state for the record the heretofore implicit corollary that where adversarial proceedings expose ambiguity, conflict, or outright silence in the applicable regulatory framework, the Secretary's discretion in construing provisions is, quite simply and of necessity, limited by considerations of fairness. Today we apply both rule and corollary to sections 404.967 and 404.969, achieving a result in accord with their fair meaning.

The Secretary has brought to our attention the holding in *DeLong v. Heckler*, 771 F.2d 266 (7th Cir.1985). There the claimant was granted disability benefits until August 18, 1981. On August 12 he testified at a hearing that he was then ready to return to work and, on the basis of this and other evidence, the ALJ concluded that the disability had ended.[5] Apparently, DeLong later decided to file a new application for benefits but actually submitted an application, under section 404.967, to appeal from the decision to grant him benefits only until August 18. The matter was duly referred to the Appeals Council where it was decided that DeLong had *never* been disabled and the ALJ's ruling was reversed. "So far as appears, the Social Security Administration is not seeking repayment of any disability benefits that may actually have been paid DeLong pursuant to the adminis-

trative law judge's decision." 771 F.2d at 267.

The issue in *DeLong* was
whether the Appeals Council has the power, when reviewing an administrative law judge's decision at the behest of an applicant for social security disability benefits who believes the administrative law judge did not make a sufficiently generous award, to throw out the entire award if contrary to the law or facts of the case.

*Id.* We agree with the Seventh Circuit that "no statute or regulation deals with the question." *Id.* We also agree that the analysis must therefore turn on sections 404.967 and 404.969. The similarity of our views, however, ends there.

For the reasons set forth at length above, we respectfully disagree with the rather abrupt conclusion that "it would be a quite pointless exercise in shuffling paper for the Council, having received the claimant's notice of appeal within 60 days, to then have to issue its own notice of intent to review the case." 771 F.2d at 268. As we have explained, it is no empty gesture to put claimants on fair and prior notice that an appeal of a discrete and narrow issue may jeopardize an entire benefits award. Moreover, in this particular case, counter notice would have been neither "pointless" nor "redundant," since petitioner had no idea during the intervening nine months that he had endangered the entire award. The Seventh Circuit itself notes that proceedings before the Social Security Administration are not strictly adversarial in nature; all the more reason why fundamental fairness requires that partly dissatisfied claimants like petitioner be apprised of the risks inherent in their projected appeals.

Accordingly, the judgment of the District Court is reversed and the District Court is directed to remand the matter to the Secre-

---

4. We also disavow any interest in rewriting the Secretary's regulations. Separation-of-powers doctrine as well as the burdens of our judicial dockets makes us quite content to leave this function in the capable hands of the executive branch.

5. This distinctive fact has no counterpart in the case at hand.

tary with instructions to reinstate the decision of the ALJ and conduct further proceedings consistent with this opinion for the purpose of resolving the original appeal pertaining to appellant's date of onset.