Seymour B. WEINSTEIN, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

No. 85 C8470.

United States District Court, N.D. Illinois, E.D.

May 19, 1987.

Seymour B. Weinstein, Chicago, Ill., pro se.

Anton Z. Valukas, U.S. Atty., Mary S. Rigdon, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

Plaintiff, Seymour Weinstein ("Weinstein"), brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Secretary of Health and Human Services ("Secretary"). The parties filed cross-motions for summary judgment which were referred to a magistrate for a Report and Recommendation. Objections to the magistrate's Report and Recommendation were filed by the Secretary and the matter is now ripe for the court's consideration. For the reasons stated herein, the court grants plaintiff's motion for summary judgment.

### FACTS [1]

On February 3, 1981, plaintiff filed form SSA–1 F6, an application for retirement benefits. However the top of the form caption, "Application for Retirement Insurance Benefits", was changed to read "Application for Hospital Insurance." (R.39)

---

1. These facts are taken verbatim from pp. 2–3 of the magistrate's Report and Recommendation and are repeated here for discussion purposes.

The form also included the following handwritten statement:

"I am filing to establish my entitlement to Medicare only. I understand that I must file a separate application when I wish to establish entitlement to Social Security benefits." (R.42)

On February 21, 1986, the Social Security Administration ("Administration") issued plaintiff a certificate awarding both hospital insurance benefits and monthly retirement benefits. (R.45)[2] Plaintiff alleges he went to the district office of the Administration at the end of November 1982 when he ceased working full time to fill out a work report indicating that he was now eligible for payment of benefits. (R.76) Plaintiff alleges he thereafter submitted work reports until April 30, 1983 but received no payments. *Id.*

On June 20, 1983, the Administration issued a certificate awarding plaintiff retirement insurance benefits effective June 1982. (R.66) Plaintiff requested reconsideration on June 30, 1983 (R.65), which the Secretary denied. (R.70) Plaintiff sought and received a hearing *de novo* before an administrative law judge ("ALJ"). On February 3, 1984, the ALJ found that plaintiff's intention was to file for medicare only and not retirement benefits, but that he had no duty to correct the error. The ALJ found that since he was eligible for retirement the error did not bestow any windfall upon the claimant or impose any significant burden on the Administration. (R.15)

On January 14, 1985, the Appeals Council notified plaintiff that it was reopening the ALJ's decision "due to an error on the face of the evidence" and absent new and material evidence or pertinent legal argument which would establish plaintiff's entitlement to being in May of 1982 instead of February 1981. (R.89–91) On July 31, 1985, the Appeals Council found that the initial determination dated February 21, 1981 was properly reopened due to error on the face of the evidence and that November

30, 1982 was the date plaintiff was properly entitled to retirement benefits. (R.4–11)

## DISCUSSION

Under 20 C.F.R. § 404.969 the Appeals Council can initiate review on its own motion "anytime within sixty days after the date of a hearing decision or dismissal." In this case the Appeals Council did not initiate review within sixty days after the date of the determination. It is therefore necessary to consider whether the Appeals Council has authority to initiate review after the sixty day time period contained in 20 C.F.R. § 404.969.

The regulations which are relevant to the determination of whether the Appeals Council has authority to review a determination after the sixty day time period are found at 20 C.F.R. § 404.987–989.

20 C.F.R. § 404.987 states as follows:
*Reopening and revising determinations and decisions*
(a) *General*
Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However a determination or a decision may be reopened and revised. After we reopen your case we may revise the earlier determination or decision.
(b) *Procedure for reopening and revision*
You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will open a previous determination or decision are explained in Section 404.988.
20 C.F.R. § 404.988 states as follows:

*Conditions for Reopening*

A Determination, revised determination, decision or revised decision may be reopened—

level fell below the prescribed maximum earnings. Whether plaintiff's earnings were below this level is not an issue before the court.

**2.** The award certificate established the entitlement date of February 1, 1981 but stated plaintiff would not receive benefits unless his income

(a) within twelve months of the date of the notice of the initial determination for any reason;

(b) within four years of the date of the notice of the initial determination if we find good cause, as defined in Section 404.989 to reopen the case; or

(c) *at any time if—*

(1) it was obtained by fraud or similar fault;

(2) another person files a claim on the same earnings and allowance of the claim adversely affects your claim;

(3) a person previously determined to be dead, and on whose earnings record your entitlement is based is later found to be alive;

(4) your claim was denied because you did not prove that the insured person died and the death is later established—

(i) by reason of an unexplained absence from his or her residence for a period of seven years; or

(ii) by location or identification of his or her body.

(5) The Railroad Retirement Board has awarded duplicate benefits on the same earnings record;

(6) it either—

(i) denies the person on whose earnings record your claim is based gratuitous wage credits for military or naval service because another federal agency (other than the VA) has erroneously certified that it has awarded benefits based on the service; or

(ii) credits the earnings record of the person on which your claim is based with gratuitous wage credits and another federal agency (other than the VA) certifies that it has awarded a benefit based on the period of service for which wage credits were granted;

(7) it finds that the claimant did not have insured status but earnings for the appropriate period of time were later credited to his or her earnings record;

(8) it is wholly or partially unfavorable to a party but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made;

(9) it finds that you are entitled to monthly benefits or to a lump sum death payment based on the earnings of a deceased person and it is later established that:

(i) you were convicted of a felony or an act in the nature of a felony for intentionally causing that person's death; or

(ii) if you were subject to the juvenile justice system, you were found by a court of competent jurisdiction to have intentionally caused that person's death by committing an act which, if committed by an adult, would have been considered a felony or an act in the nature of a felony;

(10) it either—

(i) denies the person on whose earnings record your claim is based deemed wages for internment during World War II because of an erroneous finding that a benefit based upon the internment has been determined by an agency of the United States to be payable under another federal law or under a system established by that agency; or

(ii) awards the person on whose earnings record your claim is based deemed wages for internment during World War II and a benefit based upon the internment is determined by an agency of the United States to be payable under another federal law or under a system established by that agency; or

(11) it is incorrect because—

(i) you were convicted of a crime that affected your right to receive benefits or your entitlement to a period of disability; or

(ii) your conviction of a crime that affected your right to receive benefits or your entitlement to a period of disability is overturned.

20 C.F.R. § 404.989 states as follows:

*Good Cause for Reopening*

(a) We will find that there is good cause to reopen a determination or decision if—

(1) new and material evidence is furnished;

(2) a clerical error in the computation or recomputation of benefits was made; or

(3) the evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

### Magistrate's Report and Recommendation

The magistrate reviewed the case law interpreting the above regulations and recommended that the court follow the Eleventh Circuit's decision in *Butterworth v. Bowen*, 796 F.2d 1379 (11th Cir.1986). In *Butterworth* the court found that the above regulations support the interpretation that the Secretary does have authority to reopen a decision after sixty days. The Eleventh Circuit held however that only the component of the Administration which had made the decision or which had the decision properly before it can initiate the review. Based on the *Butterworth* decision, the magistrate recommended that the court grant Weinstein's motion for summary judgment because the Appeals Council was not the appropriate "component level" of the Administration to reopen the case.

The magistrate did point out that the Seventh Circuit has indicated *in dicta* that Section 404.987(a):

"could be read to make the reopening of a disability case a remedy of the disappointed applicant ... the word 'however' in the regulation is particularly suggestive that reopening is intended to be for the benefit of the disappointed applicant only ..."

*DeLong v. Heckler*, 771 F.2d 266 (7th Cir. 1985). Nonetheless, the magistrate agreed with the Eleventh Circuit's conclusion in *Butterworth* that reopening may be initiated by the Secretary.

### ARGUMENTS

Weinstein urges the court to adopt the magistrate's Report and Recommendation.

The Secretary contends that *Butterworth* is the "minority" position among the circuits. He cites *Zimmermann v. Heckler*, 774 F.2d 615 (4th Cir.1985); *Higginbotham v. Heckler*, 767 F.2d 408, 410 (8th Cir.1985); and *Munsinger v. Schweiker*, 709 F.2d 1212, 1215 (8th Cir. 1983), as support for his position that the Appeals Council has authority to reopen and revise an ALJ's decision under Section 404.989 after the expiration of the sixty day period. According to the Secretary, the only circuit to hold that the Appeals Council lacks authority to review the ALJ's decision is the Eleventh Circuit in *Butterworth, supra*. The Secretary also contends that *Butterworth's* appellate model unnecessarily restricts the Secretary's power to supervise the vast social security system and that application of *Butterworth* will result in absolutely conclusive payments of social security benefits to persons clearly not entitled to them. The Secretary also contends that his position is entitled to great deference pursuant to *U.S. v. Larionoff*, 431 U.S. 864, 872, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977) and *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965).

■ Before interpreting the regulations it is necessary to consider whether the Secretary's position should be afforded deference. While accepting the Secretary's contention provides the court with an easy method to resolve this case, the court finds that it is not appropriate to defer to the agency's interpretation of the regulations. The court agrees with the reasoning in *McCuin v. Secretary of Health & Human Services*, 817 F.2d 161 (1st Cir.1987), wherein the First Circuit recognized that the degree of deference accorded to an administrative agency's interpretation depends on the extent to which the matters at issue hinge peculiarly on the agency's field of expertise. *McCuin*, at 167. As the *McCuin* court concluded, the issues presented, "the fairness of the way in which legal and factual issues are resolved,

the finality of judgment and due process of the law" are "clearly legal issues not generally recognized to be within the Secretary's ken, and for obvious reasons, more commonly consigned to the judiciary's 'field of expertise.' " *McCuin*, at 168, citing *Powell v. Heckler*, 789 F.2d 176, 179 (3rd Cir.1986); 4 K Davis, Administrative Law Treatise §§ 30.09, 30.14 (1958). Based on the analysis of *McCuin*, the court concludes that it would not be proper to afford the agency's position deference in this case.

### Analysis

Since the magistrate issued his Report and Recommendation the First Circuit rendered its opinion in *McCuin*, 817 F.2d 161 (1st Cir.1987), interpreting the regulations at issue in the instant case. Since *McCuin* was not available to the magistrate it is important to discuss it in some detail.

In *McCuin* the First Circuit set forth the following four possible interpretations of Section 404.987–989:

a) Only claimants may initiate the procedure. *Silvis v. Heckler*, 578 F.Supp. 1401 (W.D.Pa.1984); *Dion v. Heckler*, No. 83–442–D (D.N.H.1984) [Available on WESTLAW, DCT database]; *Delong v. Heckler*, 771 F.2d 266 (dicta) (7th Cir. 1985).

b) The Appeals Council may "reopen" on its own accord. *Munsinger v. Schweiker*, 709 F.2d 1212 (8th Cir.1983); *Reddington v. Bowen*, 640 F.Supp. 1005 (E.D.N.C.1986).

c) The Administration can initiate reopening under Section 404.988 but only that component of the Administration which had made the decision or which had the decision properly before it can initiate reopening. *Butterworth v. Bowen*, 796 F.2d 1379 (11th Cir.1986).

d) The Appeals Council would be barred from reopening errors of law on its own initiative. Section 404.989's reference to "errors on the face of the evidence" only allows the Appeals Council to reopen for errors of fact. *Fox v. Heckler*, No. C–83–41974, Unempl. Ins. Rep. (CCH) ¶ 16,958 (N.D.Ohio March 5, 1986); *Maisl v. Heckler*, No. S–82–1122 (KK, Unempl. Ins. Rep. ¶ 15,697 (E.D.Ca. 1984).

After considering these four possible interpretations, the First Circuit concluded that "there is no reading which would not stretch the language of the regulations to a considerable extent." The court turned to the issue of due process and held that to allow the Secretary to reopen takes away the finality that adjudication affords and creates a problem of substantive and procedural due process. The *McCuin* court therefore concluded that reopening should only be allowed on the basis of motions by claimants and not on the Secretary's initiative.

This court agrees for the most part with the First Circuit's conclusions regarding the four possible interpretations.

The first interpretation that only claimants may reopen is consistent with the Seventh Circuit's dicta in *Delong, supra*. As noted by the Seventh Circuit, the use of the word "however" in Section 404.987(a) suggests that only claimants may reopen. The problem with this interpretation is that it is not entirely consistent with certain Sections of § 404.988, such as (c)(1), that sets forth conditions for reopening which would most likely be used by the Secretary and not claimants. Although it is possible that a claimant might seek reopening if he was denied benefits "on the contention that other claimants to the same sum of benefits fraudulently or feloniously acquired their status," it is more probable that the Secretary would seek to reopen a determination that was obtained by fraud. *See, McCuin*, at 170. Hence, this interpretation places Section 404.987 at odds with certain conditions in Section 404.988.

The second interpretation that the Appeals Council may "reopen" on its own motion tends to nullify the purpose of Section 404.969. Under Section 404.969 the Appeals Council may initiate review anytime within sixty days after the date of a hearing decision or dismissal. Allowing the Secretary to reopen during the four year period, as set forth in Section 404.989, enables the agency to extend the sixty day time limitation in Section 404.969 on its own motion. This interpretation renders the sixty day time limitation contained in

Section 404.969 illusory. *See, McCuin,* at 170.

The third interpretation that only the component which had made the decision or which had the decision properly before it can initiate review (as set forth in *Butterworth*) makes good common sense but clearly is without detailed support in the regulations. As the *McCuin* court noted, "while ingenious, (*Butterworth*) suffers from the defect of relying on many detailed distinctions of which the regulations make no mention." *McCuin,* at 171.

Finally, the fourth interpretation which distinguishes between errors of fact and law suffers from the same defect as the second interpretation. It renders the sixty day time limitation illusory as least as to errors of fact. Under this approach Section 404.987 provides that the determination may be reopened as provided for in Section 404.988. Under Section 404.988 the determination will be reopened within twelve months for *any reason* and within four years for good cause shown. Section 404.989 provides that good cause to reopen exists as to a determination which clearly shows "on its face" that an error was made, i.e., errors of fact. However under Section 404.989, good cause to reopen does not exist if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made, i.e., errors of law. Courts that have followed this fourth interpretation find that Section 404.989's distinction between errors in fact and errors in law applies to reopening cases in general. While this interpretation is somewhat appealing, the court cannot overlook the fact that it permits the Secretary to reopen within twelve months for "any reason," thereby extending the sixty day time limitation to twelve months. Hence, this interpretation is not ideal as it also renders the sixty day time limitation illusory. *See, McCuin,* at 171.

Based on the above review of the *McCuin* court's reasoning, it is clear that the regulations at issue are not a model of clarity in draftsmanship. Further, based on the First Circuit's opinion in *McCuin,* there no longer is a "majority" approach. The First and Eleventh Circuits would not sanction the Secretary's reopening of this case, *see, Butterworth, supra; McCuin, supra,* while the Fourth and Eighth Circuits would permit reopening. *See, Munsinger, supra; Zimmermann, supra.* In light of the fact that it does not appear that it is possible to read consistency into these regulations, the court is of the opinion that the best approach is to select the interpretation which makes the most common sense or best effectuates the purpose of the Social Security Act.

The court agrees with the First Circuit that allowing the Secretary to reopen creates a serious problem with finality. The Secretary's interpretation makes it impossible for a claimant to determine whether the decision to award benefits is provisional or final. Based on the remedial nature of the Social Security Act, Section 404.987 should be construed in favor of beneficiaries. The court therefore concludes that Section 409.987, as drafted, provides an option to reopen that can only be initiated by the claimant. To hold otherwise would leave claimants like Weinstein in a state of limbo for four years, unable to benefit from their awards for fear the Secretary may choose to reopen and take away their benefits. Hence, the court concludes that the regulations should read to allow only claimants the right to initiate reopening.

Alternatively, to the extent that certain conditions (such as (c)(1) fraud) of Section 404.988 imply that the Secretary may reopen, the court agrees with the magistrate that the *Butterworth* approach fairly reconciles the conflict in the regulations.

Accordingly, since only claimants can reopen under Section 404.987, the Secretary improperly reopened the instant case. Alternatively, the Appeals Council did not have jurisdiction to reopen the case under the analysis of *Butterworth.* Hence, plaintiff's motion for summary judgment is granted.

IT IS SO ORDERED.