**John Norman GRONDA, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

No. 87–1770.

United States Court of Appeals, Sixth Circuit.

Argued July 21, 1988.

Decided Sept. 2, 1988.

Daniel H. Pyscher (argued), Taylor, Pyscher & O'Neil, P.C., Mt. Pleasant, Mich., for plaintiff-appellant.

Janet Parker, Asst. U.S. Atty., Bay City, Mich., Robert E. Hanson (argued), Dept. of HHS, Chicago, Ill., for defendant-appellee.

Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.

MERRITT, Circuit Judge.

In this social security appeal, we must determine the scope of the review which may be undertaken by the Appeals Council of the Social Security Administration when a claimant requests review of only a narrow aspect of an administrative law judge's decision. Because we decide that the Appeals Council did have jurisdiction to review the entire case, we must also determine whether its decision was supported by substantial evidence. We hold that it was.

Appellant John Norman Gronda applied for disability benefits on October 23, 1984. His application was denied initially and upon reconsideration. Gronda then requested a hearing before an ALJ. Following the hearing, on January 23, 1986, the ALJ found that Gronda was disabled as of April 4, 1985. Gronda filed a request for review. In his request for review, Gronda stated that he disagreed with the ALJ's decision because:

> The Judge determined I was not disabled until April, 1985. I was disabled prior to that date. Substantial evidence does not support the Judges [sic] determination. He did not follow the law. I am not appealing the decision that I am disabled after April, 1985.

Gronda's request for review was filed on March 21, 1986, within the 60–day period allowed by 20 C.F.R. § 404.968(a)(1).

On August 18, 1986, the Appeals Council wrote Gronda a letter that stated that his request for review was granted and the Council had concluded that the ALJ's finding that Gronda was disabled was not sup-

ported by substantial evidence. Gronda was told he could submit additional evidence or a further written statement within twenty days, but he submitted no additional evidence. On October 17, 1986, the Council issued a decision reversing the ALJ.

Gronda filed a civil action in the District Court. His case was referred to a magistrate, who issued a report and recommendation that the Appeals Council be affirmed. Gronda filed objections to the magistrate's report. The District Judge then reviewed the case and granted the Secretary's motion for summary judgment. Gronda appealed.

Gronda argues that the Appeals Council could not review anything more than the date of onset question without giving him notice within sixty days of the ALJ's decision, relying on 20 C.F.R. § 404.969:

> Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.

Because he did not receive notice that the Appeals Council intended to review the entire decision, rather than merely the date of onset issue, within sixty days, Gronda states that the Appeals Council should have been foreclosed from examining anything but the one issue he appealed.

The Secretary argues that the regulations clearly mean "the entire decision" when they refer to a "decision," and that 20 C.F.R. § 404.976(b), which states that the Appeals Council will base its decision on "all the evidence," supports that view.

■ The general rule, of course, is that agency interpretations of self-prescribed regulations are afforded a considerable presumption of validity. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980). The Secretary argues for absolute deference to his interpretation of the regulations, but our review must also be colored by respect for fundamental notions of fair-

ness. If the Secretary were due the degree of deference he seeks, review by the judiciary would achieve no purpose. The Secretary's interpretation *is* entitled to deference, but the degree of deference is lessened when "the focus is exclusively on procedural considerations pertaining to notice and fundamental fairness, in other words, *legal* issues not generally recognized to be within the Secretary's ken and, for obvious reasons, more commonly consigned to the judiciary's 'field of expertise.'" *Powell v. Heckler*, 789 F.2d 176, 179 (3d Cir.1986).

■ Three Courts of Appeals have addressed situations similar to the one in this case. In *DeLong v. Heckler*, 771 F.2d 266 (7th Cir.1985), Judge Posner stated that "it would be a quite pointless exercise in shuffling paper for the Council, having received the claimant's notice of appeal within 60 days, to then have to issue its own notice of intent to review the case." 771 F.2d at 268. The court noted that the Appeals Council's practice did not operate unfairly, because partially successful claimants are unable to foreclose review of their cases simply by refusing to appeal.

Two Circuits have disagreed with the Seventh Circuit. In *Powell v. Heckler*, 789 F.2d 176, the Third Circuit held that the Appeals Council could not review an entire case when the claimant only appealed part of the decision unless the Council gave the claimant notice of its intention to do so within the sixty-day period required by § 404.969. The Court stated:

> [I]t is no empty gesture to put claimants on fair and prior notice that an appeal of a discrete and narrow issue may jeopardize an entire benefits award.... [F]undamental fairness requires that partly dissatisfied claimants like petitioners be apprised of the risks inherent in their projected appeals.

789 F.2d at 180. *See also Littlefield v. Heckler*, 824 F.2d 242 (3d Cir.1987); *Chrupcala v. Heckler*, 829 F.2d 1269 (3d Cir.1987).

The Eleventh Circuit, in *Kennedy v. Bowen*, 814 F.2d 1523 (1987), also disa-

greed with the Seventh Circuit. Judge Tuttle, writing for the court, stated that the Appeals Council has to give notice of its intention to review an entire decision to a claimant who seeks to appeal an aspect of a narrow decision. Although the opinion stated that the court agreed with the Third Circuit, the *Kennedy* case, and a subsequent Eleventh Circuit case, did not address the question whether the notice given by the Appeals Council must be given within sixty days. *See Bivines v. Bowen*, 833 F.2d 293 (11th Cir.1987).

Our examination of the statute and regulations leads us to the conclusion that the Seventh Circuit is correct in its view that there is no fundamental unfairness in the Appeals Council's practice. Although the Secretary's argument that the regulations are clear is meritless, the fact remains that the task of the Appeals Council is to ensure consistency of results in the benefits program. *DeLong*, 771 F.2d at 268. Although it perhaps would be desirable to include in the regulations a warning that an appeal will put the entire decision at issue, we cannot say that due process requires such a caveat in this case. Although the Appeals Council waited several months to notify Gronda of its intention to review his entire case rather than merely the date of onset issue he sought to appeal, Gronda was given the opportunity to submit new evidence and/or arguments. He did not avail himself of this opportunity. Thus the only "unfairness" Gronda can complain of is that he asked the Appeals Council to review only one part of the decision, and the Council reviewed the entire decision. Because the Council unquestionably has the power to review a decision on its own initiative, there is no unfairness implicit in such an occurrence.

Turning to the substance of the appeal, we hold that substantial evidence supports the Secretary's decision. Gronda argues that the Council failed to give adequate weight to the findings of the ALJ or the treating physician, and he claims that the ALJ was wrong in his determination of the date of onset.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclu-

sion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The record indicates that Mr. Gronda's knee and back problems did not prevent him from exerting himself to the extent necessary to perform light work, and that his subjective allegations of pain were disproportionate to his underlying condition. *See Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir.1986). The magistrate who reviewed Mr. Gronda's case analyzed all of the evidence and recommended that the Appeals Council be affirmed. For the reasons stated above, and for the reasons expressed in the magistrate's Report and Recommendation, we affirm the judgment of the District Court.