Joy HALE, Plaintiff–Appellant,

v.

**Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant–Appellee.**

No. 90–1239.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 1990.

Decided June 13, 1991.

Frank R. Finnegan, Robert J. Shaw, Tuite, Shaw, Gesmer, Finnegan & Tuite, Rockford, Ill., for plaintiff-appellant.

Michael C. Messer, Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, Ill., John G. McKenzie, Asst. U.S. Atty., Office of the U.S. Atty., Rockford, Ill., for defendant-appellee.

Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

This social security appeal revolves around one narrow procedural question—whether appellant Joy Hale submitted a timely request for limited review of her

disability determination, thereby authorizing the Appeals Council to re-examine her entire case. Most disgruntled disability claimants maintain that they have initiated review in a timely manner. In a rather unusual reversal of position, however, Hale vehemently argues for exactly the opposite result.

In April 1986, Joy Hale filed an application for disability insurance benefits. Her claim was denied initially and on reconsideration. At Hale's request, a hearing was then held before an administrative law judge. The ALJ concluded that Hale was disabled as of December 13, 1978. On June 10, 1987, Hale received a letter notifying her of the ALJ's favorable decision and informing her of her right to appeal the decision by filing a form or writing a letter to any of the Social Security Administration's (SSA's) offices within sixty days. The notice clearly warned her, however, that any appeal would authorize the Appeals Council to review the entire decision, stating:

> When you appeal, you request the Appeals Council to review the decision. If the Appeals Council grants your request, it will review the entire record in your case. It will review those parts of the decision which you think are wrong. It will also review those parts which you think are correct and may make them unfavorable or less favorable to you.

Appellant's App. at 10a.

On August 2, 1987, Hale received a notice of awards letter from the Office of Disability Operations of the SSA advising her that she was entitled to disability benefits dating back to April 1985. Disappointed with the commencement date of the award, the very next day, within sixty days of the June 10 notice of decision, Hale sent a letter to the Commissioner of Social Security requesting that her award certificate be amended to allow her additional disability benefits starting from December 1978, the date when her disability first developed.[1] In response to this request, the SSA sent Hale a reply explaining the statutory one year limit on retroactive benefits. Shortly thereafter, on September 28, 1987, Hale wrote to the Appeals Council seeking "limited review" of her case and enclosing a copy of her August 3 letter and the SSA's response. Construing Hale's August 3 demand for additional benefits as a timely request for review ratified by her September 28 follow-up letter, the Appeals Council granted Hale's request but did not conduct the limited review Hale sought. Instead, the Appeals Council re-examined the entirety of her case and determined that Hale was not eligible for benefits.

Hale filed a complaint in federal court challenging the Appeals Council's decision to review her case and revoke her disability benefits. The district court concluded that the Appeals Council was entitled to reopen the case for any reason within one year of the ALJ's decision. It also found the Appeals Council's decision to be supported by substantial evidence. Hale requested reconsideration of the district court's judgment, contending that the one-year time limit for reopening had expired because it ran from the date of the "initial determination," not the date of the ALJ's decision. The Secretary agreed with Hale that the time limit for reopening ran from the date of initial determination—August 21, 1986, in this case. He argued, however, that Hale herself had submitted a timely request for review, authorizing the Appeals Council to re-evaluate her entire claim. The district court denied Hale's motion for reconsideration upon other grounds. Rea-

---

1. Hale's August 3 letter to the Commissioner of Social Security reads in part as follows:

I received a copy of your "Notice of Award" in reference to the above-captioned claim number. It indicated that Ms. Hale is entitled to disability benefits as of April, 1985.

I call your attention to the Decision of Angelo Nicchitta, Administrative Law Judge. He found that the claimant's disability commenced *December 13, 1978.*

A copy of page 5 of that decision is enclosed. It would be appreciated if you would send Ms. Hale an addendum to the original Notice of Award giving her benefits consistent with the Decision of the Administrative Law Judge.

Appellant's App. at 12a (emphasis in original).

soning that the Appeals Council possessed authority to reopen the case for "good cause" within four years, the district judge concluded that the good cause requirement was satisfied here because he deemed this case to involve just a recomputation of benefits. On appeal, Hale challenges only the procedural propriety of the Appeals Council's decision. She contends that the Appeals Council lacked authority to review her disability determination because she failed to file a timely request for review and because there existed no good cause to reopen her case.

■ 20 C.F.R. § 404.989 (1990) sets forth the standard for "good cause" sufficient to allow the Appeals Council to reopen a case within four years:

We will find that there is good cause to reopen a determination or decision if—
(1) New and material evidence is furnished;
(2) A clerical error in the computation or recomputation of benefits was made; or
(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

The same section also provides, however, that "We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made." *Id.* The district judge concluded that the Appeals Council possessed good cause to reopen Hale's case because he believed the case involved simply a recomputation of benefits. But the Appeals Council's decision was not founded upon a clerical error in the computation of benefits or an error on the face of the evidence. Instead, the Appeals

Council re-assessed the ALJ's findings and issued its own determination that Hale was not disabled. This type of change in administrative judgment does not amount to good cause to reopen a case under the regulations. Based upon these facts, we hold that the Appeals Council lacked good cause to reopen Hale's case.[2]

■ Although the district court grounded its decision in the reopening regulations, the Secretary does not rely upon these provisions. Instead, the Secretary claims that the Appeals Council properly construed Hale's August 3 demand for additional benefits as a timely request for review because it was ratified by her subsequent September 28 application for limited review of her disability determination. Under the regulations, a claimant may request review of a disability determination "by filing a written request at one of [the Social Security Administration's] offices." 20 C.F.R. § 404.968(a) (1990). Hale's August 3 written request for additional benefits, which was sent to the Commissioner of Social Services, certainly comports with this requirement. That Hale believed her August 3 letter to indeed be a request for review, rather than merely an inquiry (as she now contends), is manifest in the content of the letter itself and in her conduct in attaching that letter and the SSA's reply to the September 28 application for review she later submitted to the Appeals Council. Her demand for additional "benefits consistent with the Decision of the Administrative Law Judge" certainly sounds more like a request for review than a simple inquiry. Appellant's App. at 12a. Moreover, by attaching the first letter to the subsequent communication, Hale indicated that the second letter was merely a follow-up of the

---

**2.** Because we conclude that the Appeals Council lacked good cause to reopen Hale's case, we need not decide whether the power to reopen extends to decisions granting as well as those denying disability benefits. Relying upon the language of the pertinent regulations, however, some courts have inferred that reopening should be permitted only when it is in the disappointed claimant's favor. *E.g., DeLong v. Heckler,* 771 F.2d 266 (7th Cir.1985) ("The word 'However' in the quoted passage is particularly suggestive that reopening is intended to be for

the benefit of the disappointed applicant only...."). *Compare McCuin v. Secretary of Health & Human Services,* 817 F.2d 161 (1st Cir.1987) (reopening allowed only upon motion of claimant) *and Weinstein v. Bowen,* 666 F.Supp. 1131 (N.D.Ill.1987) (same) *with Cieutat v. Bowen,* 824 F.2d 348 (5th Cir.1987) (allowing own motion reopening) *and Gerstein v. Bowen,* 680 F.Supp. 1200 (N.D.Ill.1988) (same). *Cf. Bauzo v. Bowen,* 803 F.2d 917, 921 (7th Cir. 1986) (allowing own motion *review* and decisions adverse to claimants).

first, a clarification that her earlier letter was actually a request for review of her case. The rigid rule Hale now articulates in support of her case would work against the interests of disability claimants in the long run by precluding review unless it has been promptly requested in the most precise and unambiguous language. We decline Hale's invitation to hold disappointed claimants seeking review of their disability claims to such a rigorous standard and hold instead that Hale, by demanding more benefits and reiterating her request for review in a follow-up letter, properly initiated timely review of her disability claim.

Once the Appeals Council receives a timely request for review, as it did here, it is entitled to review the entirety of the case. In *DeLong v. Heckler*, 771 F.2d 266 (7th Cir.1985), DeLong submitted an application for limited review of the date of onset of his disability benefits but the Appeals Council concluded that he had never been disabled and reversed his entire award. DeLong filed suit challenging the Appeals Council's authority to review his entire case but this court affirmed, holding that the Appeals Council possessed the prerogative to broaden the scope of its review. *See also Gronda v. Secretary of Health & Human Services*, 856 F.2d 36 (6th Cir. 1988) (Appeals Council had authority to review entire case within sixty days of ALJ's decision even though claimant only requested review of narrow aspect of case), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989).

We doubt whether Hale would possess an actionable claim even if she had not received fair warning of the possible consequences of an appeal. *See DeLong*, 771 F.2d at 268 (allowing Appeals Council to broaden scope of review without providing clear notice to claimant). *But see Kennedy v. Bowen*, 814 F.2d 1523 (11th Cir.1987) (holding that Appeals Council cannot expand scope of review and overturn a partially favorable decision absent notice of Council's intent to re-examine issues not challenged by claimant); *Powell v. Heckler*, 789 F.2d 176 (3d Cir.1986) (same). We need not resolve this issue, however, because the June 10 notice of favorable deci-

sion sent to Hale clearly apprised her both of her right to appeal and of the possible consequences of an appeal, namely that she could receive a new decision denying her benefits altogether.

Hale clearly demonstrated her intent to file for review by first demanding additional benefits and later reaffirming this to be a request for review as to the date of onset of her disability award. She received adequate warning, moreover, of the Appeals Council's power to review anew decisions granting or denying benefits once they have been submitted for limited review. Hale would not now be interposing technical objections to the Appeals Council's authority to review the ALJ's determination had the Council ruled in her favor. The decision of the district court is therefore

AFFIRMED.