**Joseph S. OLDHAM, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 83–1158.**

United States Court of Appeals, First Circuit.

Argued Sept. 9, 1983.

Decided Oct. 6, 1983.

---

David B. Green, Providence, R.I., for plaintiff, appellant.

Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Al-

mond, U.S. Atty., Providence, R.I., was on brief, for defendant, appellee.

Before COFFIN, Circuit Judge, FAIRCHILD *, Senior Circuit Judge, and BREYER, Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Plaintiff Oldham sought review of a decision of the Social Security Administration Appeals Council, purportedly in exercise of its delegated power to speak for the Secretary of Health and Human Services. The District Court affirmed and plaintiff appealed.

The Appeals Council had reviewed, *sua sponte,* a decision made in plaintiff's favor by an Administrative Law Judge (ALJ). Plaintiff primarily claims that under the Regulations, the Appeals Council had no jurisdiction to review the ALJ's findings or conclusions. Thus it is contended the decision of the ALJ, not that of the Appeals Council, must be recognized as the decision of the Secretary.

Plaintiff needed an additional quarter of coverage to be fully insured for old-age insurance benefits under the Social Security Act. *See* 42 U.S.C. § 414(a) (1976). He contended that compensation received in return for his activities in connection with a house owned by his mother-in-law established another quarter of coverage. *See* 42 U.S.C. § 413 (1976). These activities included maintenance work and rent collection over a period of time. The arrangement was informal. Plaintiff originally did not expect compensation, but a different understanding was later formed. When the house was sold he was paid $689 out of the proceeds apparently for his activities. The critical question was whether the payment constituted wages for services as an employee. *See* 42 U.S.C. § 410 (1976).

The ALJ decided that the relationship was one of employment, and allowed credit. In the course of the findings he stated that "[Oldham] was an employee of his wife, who hired him under a power of attorney." The assertion that he was employed by his

wife indicates that the ALJ's decision to count the remuneration as wages embodied an error of law. The Social Security Act provides that compensable employment "shall not include ... [s]ervice performed by an individual in the employ of his spouse." 42 U.S.C. § 410(a)(3)(A) (1976).

Section 404.970 of the Social Security Administration Regulations provides that:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

20 C.F.R. § 404.970(a) (1982).

The Council apparently reviewed the ALJ's decision on the ground that the ALJ's finding that Oldham was entitled to count wages earned as an employee of his wife was an error of law. The Council, however, considered the evidence of record and found that in fact the relationship was not that of employment, regardless of the identity of the putative employer.

Plaintiff argues that there would have been no error of law if the decision of the ALJ had been properly interpreted. Examining the character of the relationship, the ALJ had found that an employment relationship existed. Plaintiff suggests that the ALJ must have considered that the employer was the mother-in-law, the wife being her agent, or that the employer was an informal trust or similar entity, with the wife acting as a fiduciary and not in her individual capacity. The decision did not express those rationales, although one of those analyses may not be unreasonable.

Plaintiff therefore argues that under a proper reading of the ALJ's decision the Appeals Council had no basis for review

* Of the Seventh Circuit, sitting by designation.

under § 404.970. Alternatively plaintiff contends that even if the Appeals Council had jurisdiction to review the ALJ's decision for an error of law, the Council had no authority to examine the record as a whole or to make its own judgment as to the facts.

We begin with the general proposition that "[an] agency has all the powers [on review of an initial decision] which it would have in making the initial decision except as it may limit the issues on notice or by rule." 5 U.S.C. § 557(b) (1976). *See* 2 Fed.Proc.L.Ed. § 2:169 (1981). Assuming but not deciding that § 404.970 might be construed to limit the Appeals Council's right to review to the four grounds expressly provided, we are unable to find the Council erred in exercising jurisdiction over Oldham's case on the basis of a perceived error of law. The ALJ's decision was at least colorably predicated on an error of law because it appeared to count wages earned as an employee of a spouse. The Council's evident interpretation of its jurisdiction under § 404.970 to review the ALJ's decision on this basis is entitled to substantial weight. *Cf. Bowles v. Seminole Rock Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945) (observing that the Office of Price Administration's interpretation of its own regulation "becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation").

Similarly, the Appeals Council's apparent interpretation of § 404.970 as permitting full review of the record once jurisdiction is exercised on one of four expressed grounds is entitled to substantial weight. Section 404.970(a) is silent as to the appropriate scope of review once the Council has decided to exercise jurisdiction; § 404.970(b) calls for full review of the record where new and material evidence is submitted.[1] While § 404.970 might be read as limiting or precluding a review of the entire record on other grounds, this interpretation is by no means required.

Accepting the Council's authority to examine the entire record, there is adequate support for the Appeals Council's decision on the merits. Plaintiff suggests that the Council was bound by the findings of the ALJ. The ALJ's findings and conclusions represent recommendations to the Secretary; the Council is free to independently weigh the evidence and arrive at its own findings and conclusions. *See McCann v. Califano,* 621 F.2d 829, 831–32 (6th Cir. 1980); *Beavers v. Secretary of Health, Ed. & Welfare,* 577 F.2d 383, 386–87 (6th Cir. 1978). *See generally* 2 Fed.Proc.L.Ed. § 2:169 (1981). *But see Novak v. Schweiker,* 524 F.Supp. 795, 799 & n. 2 (N.D.Ill. 1981). The Council was free to conclude that in spite of the ALJ's possibly contrary opinion, or the assertions of the plaintiff, the weight of the evidence did not support a finding of an employer-employee relationship.[2]

1. Section 404.970(b) provides:
   If new and material evidence is submitted with the request for review, the Appeals Council shall evaluate the entire record. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record.
   20 C.F.R. § 404.970(b) (1982).
2. The plaintiff contends that a determination whether a work relationship amounts to employment ultimately "boils down to the credibility of the claimant," and that the Council erred in not deferring to the ALJ's finding that Oldham's description of his relationship with his mother-in-law was credible. While the Council is required to give some weight to the ALJ's finding of credibility, our question is whether substantial evidence supports the

Council's decision as a whole. 42 U.S.C. § 405(g) (1976). *See McCann,* 621 F.2d at 831–32; *Beavers,* 577 F.2d at 386–87. In this case the Council made clear its opinion that the record reflected an absence of factors typically indicating the existence of an employer-employee relationship. *See* 20 C.F.R. § 404.1007(b) (1982). The Council decision suggests the finding of no employment relationship turned on the absence of sufficient criteria, not on Oldham's credibility.

We also find no merit in plaintiff's apparent contention that the Council erred as a matter of law in concluding that Oldham's informal work relationship with his wife and mother-in-law did not constitute employment for purposes of old-age insurance coverage. "In a case involving closely related and closely living individuals claiming an employer-employee relationship,

The judgment appealed from is AF-FIRMED.

the entire picture of the history and circumstances of the parties must be considered." *Velez v. Secretary of Health, Ed. & Welfare,* 608 F.2d 21, 24 (1st Cir.1979) (citations omitted). In this case the Council examined the complete record and applied standards defined

in § 404.1007(b). The balance reached by the Council in favor of no employer-employee relationship was within the range permitted by law.

