**Letha M. CLIFT, Appellant,**

v.

**Louis W. SULLIVAN, Secretary Health and Human Services, Appellee.**

**No. 90–2408WA.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1991.

Decided Feb. 28, 1991.

Davis Duty of Fort Smith, Ark., for appellant.

Rebecca L. Rome, Dallas, Tex., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Letha M. Clift appeals the district court's [1] order affirming the decision of the Secretary of Health and Human Services

---

**1.** The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

denying her claim for disability insurance benefits. We affirm.

Clift filed an application for disability benefits. The Social Security Administration (SSA) denied her application initially and on reconsideration because she had not met the earnings requirement. Clift then submitted an amended income tax return indicating she earned $10,000 in wages during the calendar year 1986 by working in her husband's law practice. Following a hearing, the ALJ issued a decision on January 27, 1989, finding Clift was entitled to benefits as of July 1, 1986. On March 7, 1989, the SSA notified Clift in a Notice of Award that she would be awarded benefits based on an onset date of October 1, 1986. On March 17, 1989, Clift asked the Appeals Council to review the discrepancy between the two onset dates.

After notifying Clift on July 12, 1989, that it would review whether Clift met the earnings requirement, the Appeals Council issued a decision on August 25, 1989, stating Clift was precluded from counting the four quarters of work she performed in her spouse's business, under 42 U.S.C. § 410(a)(3)(A) (wages excluded for work performed in employ of spouse) (repealed December 31, 1987),[2] and thus she did not meet the disability earnings requirements for insured status. Clift sought judicial review.

Clift argued (1) her request for review of the onset date in the Notice of Award was not a request for review of the ALJ's decision, and thus the review was Appeals Council-initiated and untimely under 20 C.F.R. § 404.969; (2) the statutory prohibition did not apply to her because she was not an employee, but rather was like a partner; and (3) the statutory prohibition violated the fifth amendment and was contrary to public policy. The district court, adopting the magistrate judge's[3] proposed findings, concluded the Secretary's decision was supported by substantial evidence. On

appeal, Clift reiterates the arguments she raised in the district court.

▮ Because the Appeals Council gave Clift notice of its intention to review whether Clift met the earnings requirement, we agree with those circuits which have held that the Appeals Council had authority to expand its review beyond the limited review claimant sought. *See Gronda v. Secretary of Health & Human Svcs.*, 856 F.2d 36, 39 (6th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); *Kennedy v. Bowen*, 814 F.2d 1523, 1527 (11th Cir.1987); *DeLong v. Heckler*, 771 F.2d 266, 267–68 (7th Cir.1985); *Oldham v. Secretary of Health & Human Svcs.*, 718 F.2d 507, 510 (1st Cir.1983). *But see Powell v. Heckler*, 789 F.2d 176, 179 (3d Cir.1986) (Appeals Council has authority to expand review only if it gives notice within sixty-day period under 20 C.F.R. § 404.969).

▮ Clift's claim that she was a "partner" rather than an "employee" is not supported by the evidence. *See Domanski v. Celebrezze*, 323 F.2d 882, 885 (6th Cir.1963) (whether qualifying employer-employee relationship exists between relatives is question of fact on which Secretary's finding is conclusive if supported by substantial evidence), *cert. denied*, 376 U.S. 958, 84 S.Ct. 980, 11 L.Ed.2d 976 (1964).

▮ Finally, Clift's constitutional challenge to the family-relationship exclusion is without merit. With respect to Social Security legislation, so long as a classification has some reasonable basis, it is not unconstitutional. *Mathews v. DeCastro*, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976). The legislative history indicates that Congress intended section 410(a)(3)(A) to prevent collusion, *Tyson v. Heckler*, 727 F.2d 1029, 1030–31 (11th Cir.) (citing H.R. Rep. No. 728, 76th Cong., 1st Sess. 46 (1939)), *cert. denied*, 469 U.S. 853, 105 S.Ct. 176, 83 L.Ed.2d 111 (1984), which is a legitimate government objective, *Weinberger v.*

---

**2.** Title 42 U.S.C. § 410(a)(3)(A) remains effective for all wages earned before December 31, 1987. *See* H.R.Conf.Rep. No. 495, 100th Cong., 1st Sess. 801 (1987), *reprinted in* 1987 U.S.Code Cong. & Admin.News 2313–1245, 2313–1547.

**3.** The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas.

*Salfi*, 422 U.S. 749, 777–84, 95 S.Ct. 2457, 2472–76, 45 L.Ed.2d 522 (1975).

Accordingly, we affirm.