**Corinne McDONALD, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 90–10740–T.**

United States District Court, D. Massachusetts.

Aug. 10, 1992.

---

Andrew Mosher McGinnis, Law Office of Andrew M. McGinnis, Belmont, Mass., for plaintiff.

George Bunsen Henderson, U.S. Attys. Office, Boston, Mass., for defendant.

### MEMORANDUM

TAURO, Chief Judge.

This appeal of a decision of the Secretary of Health and Human Services ("Secretary") raises the issue as to whether the Appeals Council of the Social Security Administration had authority to review, after passage of the sixty-day appeal period, matters that plaintiff did not raise when she appealed a decision of an Administrative Law Judge ("ALJ").[1] The Circuits are split as to the Appeals Council's power in such a situation. The First Circuit has not yet addressed the issue.

On May 25, 1988, an ALJ found that plaintiff, Corinne McDonald, was entitled to widow's disability benefits commencing May 20, 1986. On June 8, 1988, McDonald requested Appeals Council review of the ALJ's determination as to the onset date of her disability. The Appeals Council notified McDonald, on December 7, 1988, that it would review her case, and that it proposed to overturn the ALJ's finding of continuing disability. In a decision dated January 23, 1990, the Appeals Council determined that McDonald's disability had begun on November 4, 1984, as McDonald had contended in her appeal, but that, after May 20, 1986, she was no longer disabled, contrary to the ALJ's finding.

McDonald sought review of the Secretary's decision here. In a motion for summary judgment filed in February 1991, she argued that the Appeals Council had erred in reviewing those aspects of the ALJ's decision which had not been timely raised on appeal. This court denied McDonald's motion on October 15, 1991, without opinion. Upon reconsideration, this court now vacates that order and, for the following reasons, allows McDonald's motion for summary judgment.

### I.

The First Circuit has noted that, "in an intra-agency appeal, the agency has all the powers it would have had in making the initial decision unless it limits the issues by notice or regulation." *Lopez–Cardona v. Secretary of Health & Human Services,* 747 F.2d 1081, 1083 (1st Cir.1984) (per curiam). McDonald contends that the applicable regulations limit the issues which the agency may review on a claimant-initiated appeal.

According to the regulations, either the claimant or the Appeals Council may initiate a review of an ALJ's decision within sixty days of that decision. 20 C.F.R. §§ 404.967–404.969. If the Appeals Council decides to review a case, it must notify the claimant of the issues which it will consider. § 404.973.[2] When read together, these provisions focus the question at issue here, which is whether the sixty-day period applies to limit all issues which the Appeals Council may consider on an appeal initiated by a claimant. In other words, may the Council, after the expiration of sixty days following an ALJ's decision, it-

---

1. The regulations provide, in pertinent part,

   If you or any other party is [sic] dissatisfied with the hearing decision ... you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge.

   . . . . .

   You may file your request [for Appeals Council review]—
   (1) Within 60 days after the date you receive notice of the hearing decision or dismissal....

   . . . . .

   Anytime within 60 days after the date of a hearing decision or dismissal, the Appeals

Council itself may decide to review the action that was taken. If the Appeals Council does review the hearing decision or dismissal, notice of the action will be mailed to all parties at their last known address.
20 C.F.R. §§ 404.967–404.969.

2. When the Appeals Council decides to review a case, it shall mail a notice to all parties at their last known address stating the reasons for the review and issues to be considered.
20 C.F.R. § 404.973.

self review those parts of the decision that the claimant did not appeal.

The Third Circuit has decided that Appeals Council review of a claimant-initiated appeal is limited to issues raised within the sixty days. *Powell v. Heckler*, 789 F.2d 176, 179 (3d Cir.1986). In reaching this conclusion, the court relied, *inter alia*, on § 404.969, which expressly and unqualifiedly requires that the Appeals Council initiate review within sixty days. *Powell* recognized that a claimant would have no reason to expect that an ostensibly final decision on her case could be impacted many months later by an independent appeal of the Council. Such, in fact, was the situation here. More than six months after the ALJ's decision, the Appeals Council notified McDonald that it would challenge matters that had not been raised by her or the Council within the allotted sixty days. *Powell* noted also that § 404.969's time limit "would be rendered meaningless" if the Secretary's ability to appeal an ALJ's decision was open-ended. *Id.* at 179. *See also Kennedy v. Bowen*, 814 F.2d 1523, 1528 (11th Cir.1987) (approving *Powell*, but relying on § 404.973's notice requirement as a limitation on the issues which the Appeals Council may revisit).

The Seventh Circuit, however, has held that the sixty-day provision does not limit the Appeals Council's scope of review. In *DeLong v. Heckler*, 771 F.2d 266 (7th Cir. 1985), the court reasoned that it would be redundant to require the Appeals Council to appeal within sixty days, when a claimant has already filed a timely appeal. And, given the Appeals Council's power to initiate review of a decision favorable to a claimant, the court discerned no reason to limit the Appeals Council merely because the claimant initiated an appeal within the sixty-day period. *Id.* at 268. The Sixth Circuit agrees. *See Gronda v. Secretary of Health & Human Services*, 856 F.2d 36, 38 (6th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989). *See also Clift v. Sullivan*, 927 F.2d 367, 368 (8th Cir.1991) (regulations require only that claimant-appellant be given notice, even after sixty days, of the Appeals Council's intent to reexamine issues not already challenged).[3]

## II.

Although the First Circuit has not ruled on this particular issue,[4] it has provided helpful guidance. In *McCuin v. Secretary of Health & Human Services*, 817 F.2d 161 (1st Cir.1987), the court dealt with the uncertainty that resulted from the regulations' allowing for "review" within sixty days of a decision, and "reopening" within four years. The court decided that only the claimant, and not the agency, could "reopen" a case when more than sixty days had passed. In so concluding, the court relied on the principle of due process that recognizes that the finality of a decision is " 'essential to the maintenance of social order.' " *Id.* at 172 (citing *Southern Pacific R.R. Co. v. United States*, 168 U.S. 1, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897)). Additionally, in light of "the beneficent purposes of Congress in passing the Social Security statute authorizing the regulations," *id.* at 175, the court found that "it would frustrate congressional objectives ... if the ambiguity in the regulations were to be resolved in favor of putting claimants in a state of limbo for at least four years, uncertain of the final outcome of their cases." *Id.* at 174.

The First Circuit has, moreover, recognized that Social Security proceedings are non-adversarial, *Heggarty v. Sullivan*, 947

---

3. Although cited in *Clift* as authority for its holding that the Appeals Council may expand review beyond the matters appealed by the claimant, 927 F.2d at 38, the First Circuit's opinion in *Oldham v. Secretary of Health & Human Services*, 718 F.2d 507, 510 (1st Cir.1983), dealt only with sua sponte review by the Appeals Council. It is precisely the distinction between sua sponte and claimant-initiated review that implicates the concerns of due process and repose discussed below. When the Appeals Council initiates review within sixty days, pursuant to § 404.969, such concerns are not present.

4. *But see Chunglo v. Secretary of Health & Human Services*, No. 85–0367–F, 1989 WL 280271 (D.Mass. Aug. 4, 1989) (unpublished opinion) (Appeals Council could not, without giving notice, review issues which claimant had not appealed).

F.2d 990, 997 (1st Cir.1991), and that an ALJ's decision is final, unless review is sought within sixty days. *Reagan v. Secretary of Health & Human Services,* 877 F.2d 123, 124 (1st Cir.1989) (per curiam).

These decisions of the First Circuit counsel for an interpretation of the regulations that promotes finality and repose. Indeed, the opinions in *McCuin* and *Reagan* may even be read as implicitly requiring the Appeals Council, if it intends to challenge an ALJ's decision favorable to a claimant, to do so within sixty days. *See McCuin,* 817 F.2d at 174 (interpreting the regulations so as to give finality to ALJ decisions beyond sixty days); *Reagan,* 877 F.2d at 124 ("A 'decision' by an ALJ is final unless *review* by the Appeals Council is sought. A claimant may seek *such review within sixty days....* The Appeals Council ... may undertake *such review* on its own motion *within sixty days....*") (emphasis supplied).

The concerns expressed in these First Circuit opinions, particularly, consideration for a claimant's repose and promotion of Congress's beneficent purposes, as well as the Third Circuit's persuasive analysis of the problem, convince this court that the regulations do not permit the Appeals Council, in a claimant-initiated appeal, to review issues not challenged by the claimant after sixty days have passed following the ALJ's decision.[5]

### III.

For the foregoing reasons, McDonald's motion for summary judgment is hereby allowed, and the Secretary is ordered to conduct further proceedings consistent with the regulations as interpreted in this opinion.

An order will issue.

**5.** The Secretary argues that it provided notice to McDonald in compliance with § 404.973. Along with the ALJ's favorable decision, the Secretary notified McDonald that, if she appealed those parts of the decision which she thought were wrong, she would thereby expose the entire decision to Appeals Council review. Record

ORDER

For the reasons stated in the accompanying Memorandum, the court's Order of October 15, 1991 is hereby VACATED, McDonald's motion for summary judgment is ALLOWED, and the Secretary is ORDERED to conduct further proceedings consistent with the Memorandum.

at 23. But because the Secretary did not comply with § 404.969, and inform McDonald, within sixty days of the decision, that *it* had decided to review her case, any notice regarding the consequences of *her* initiating review was inadequate.