**Max CULBERTSON, Appellant,**

v.

**Donna E. SHALALA, Secretary of the Department of Health and Human Services, Appellee.**

No. 93–3656.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided Aug. 1, 1994.

Stephen Speicher, Lincoln, NE, argued, for appellant.

Daniel A. Morris, Omaha, NE, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Max Culbertson appeals the district court's[1] order upholding his disability onset date as determined by the Secretary of Health and Human Services (the Secretary). We affirm.

I.

Culbertson submitted his first application for benefits on October 7, 1987. The Secretary denied the application without a hearing, and subsequently denied reconsideration. Less than twelve months later, Culbertson filed a second application that was also originally denied. However, he requested and received a hearing, after which an administrative law judge (the first ALJ) determined

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

that Culbertson had been disabled since February 1, 1984. The first ALJ refused to reopen Culbertson's first application because he had failed to demonstrate good cause for such action. Culbertson appealed this refusal to reopen, and the Appeals Council held that the first ALJ committed legal error by requiring a good cause showing before reopening the first application. However, because the hearing tapes had been lost, the Appeals Council was unable to· review the record. It therefore remanded with directions to conduct a second hearing.

After the second hearing, a different administrative law judge (the second ALJ) determined that the original application would be reopened. However, the second ALJ found Culbertson to have been disabled only since February 11, 1988, over four years later than the onset date found by the first ALJ.[2] The Appeals Council refused review of the second ALJ's finding, so that determination became the final decision of the Secretary. Culbertson then filed suit in the district court, which upheld the Secretary's decision. The court found first that the Secretary had authority to remand for an entirely new evidentiary hearing. It then concluded that substantial evidence supported the second ALJ's findings.

## II.

■ Before challenging the second ALJ's factual finding as to the disability onset date, Culbertson contests the Appeals Council's decision to remand his case for a new evidentiary hearing.[3] He claims the remand violated the Social Security Act and the due process and equal protection clauses of the Constitution. Moreover, he contends the Appeals Council lacked authority under its own regulations to remand in the particular circumstances of this case. We begin by considering and rejecting this assertion.

■ Much of Culbertson's reasoning depends upon his conclusion that the Appeals Council was limited to review of the issues he specifically raised. However, we have held that the Appeals Council has authority to expand the scope of its review whenever a claimant attempts to limit the issues on appeal. *Clift v. Sullivan,* 927 F.2d 367, 368 (8th Cir.1991); *see also Gronda v. Secretary of Health & Human Services,* 856 F.2d 36, 39 (6th Cir.1988), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); *Kennedy v. Bowen,* 814 F.2d 1523, 1527 (11th Cir.1987); *De Long v. Heckler,* 771 F.2d 266, 267–68 (7th Cir.1985); *Oldham v. Secretary of Health & Human Services,* 718 F.2d 507, 510 (1st Cir.1983). Generally, the only requirement is that the Appeals Council provide notice of its intention to do so. *Clift,* 927 F.2d at 368. Consequently, so long as notice is given, the Appeals Council may review any issue in a case, including the onset date or even the very basic question of disability. As part of that review the Appeals Council may vacate the ALJ's decision and remand for new hearings. 20 C.F.R. §§ 404.977(a), 404.979 (1993). This is true even when the original record is incomplete because hearing tapes are lost or inaudible. *See Fleshman v. Sullivan,* 933 F.2d 674, 675 (8th Cir.1991); *Bivines v. Bowen,* 833 F.2d 293, 295 (11th Cir.1987).

Here, the Secretary provided Culbertson with a Notice of Favorable Decision immediately after the first ALJ's decision. That notice provided in part as follows:

2. The second ALJ found that since 1984 Culbertson had been unable to return to his past relevant work. However, he also found that prior to February 11, 1988, Culbertson was capable of performing a significant number of jobs then existing in the local and national economies. Consequently, following the five-step sequential framework established in the regulations, the second ALJ concluded that Culbertson was not disabled prior to the determined date. *See* 20 C.F.R. § 404.1520 (1993).

3. The Secretary contends this argument is now untimely because Culbertson should have appealed the remand order immediately after it was issued. However, that order was not a final decision of the Secretary. *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992) ("If the Appeals Council grants review, its decision (absent a remand to the ALJ) becomes the Secretary's final agency action."); *Duda v. Secretary of Health and Human Services,* 834 F.2d 554, 555 (6th Cir. 1987) (Appeals Council's remand order not a final decision by the Secretary). Hence, the remand was not immediately appealable. 42 U.S.C. § 405(g) (1991 & Supp.1994).

When you appeal, you request the Appeals Council to review the decision. If the Appeals Council grants your request, it will review the entire record in your case. It will review those parts of the decision which you think are wrong. *It will also review those parts which you think are correct and may make them unfavorable or less favorable to you.* You will receive a new decision.

(Emphasis added.) Moreover, the Appeals Council's remand order stated:

In reviewing the case from the standpoint of reopening and revision, the Administrative Law Judge should find pertinent information in Regulation 404.988. Further, the Administrative Law Judge will arrange for a supplemental hearing and will give further consideration to the issues raised in this case and will afford the claimant the opportunity to present further evidence in support of his claim.

We note in particular that the remand order required a supplemental hearing as to the "issues in this case," not as to the reopening issue alone. Moreover, had the Appeals Council not intended to expand its review, it could have decided the reopening issue itself and thereby have avoided the burden and expense of a remand. We conclude that the Appeals Council clearly intended to conduct a complete review of Culbertson's claim and sufficiently notified him of that intent. The latter conclusion is supported by the following exchange at the second hearing:

ALJ: Well, basically, from reading it[,] it ... kind of appears to me that they wanted me to do a full hearing and make a decision over the entire matter. Isn't that your understanding also....

[CULBERTSON'S] ATTY: It's ... my understanding that's what they want.

Because notice was given, the Secretary had authority under the applicable regulations to expand the scope of review and remand for new hearings.

Notwithstanding the Appeals Council's authority under the regulations to act as it did, Culbertson asserts it violated both the Social Security Act and the Constitution by exercising such authority in this case. We disagree and reject each of Culbertson's contentions.

■ First, Culbertson contends the Secretary acted arbitrarily and thereby violated the Congressional mandate to "establish by regulation uniform standards which shall be applied at all levels of determination, review, and adjudication in determining whether individuals are under disabilities as defined in sections 416(i) or 423(d) of this title." 42 U.S.C. § 421(k)(1) (1991). However, the Appeals Council did not act arbitrarily, for it vacated the first ALJ's decision because the hearing tapes had been lost, thus rendering impossible any meaningful review of the first ALJ's findings.

■ Second, Culbertson contends the Secretary violated the due process clause of the fifth amendment by penalizing him for exercising his right of appeal. However, even had Culbertson not appealed the first ALJ's refusal to reopen, the Appeals Council had authority to review his claim and either remand for new hearings or reverse the first ALJ outright. 20 C.F.R. §§ 404.969, 404.-977, 404.979. We cannot conclude that Culbertson was penalized for appealing simply because the Appeals Council did what it could have done absent that appeal. Moreover, Culbertson cannot claim ignorance of the possible consequences of his appeal, for the Notice of Favorable Decision expressly notified him that the Appeals Council would review every aspect of his claim. In these circumstances, there is no due process violation. *See Williams v. Sullivan,* 970 F.2d 1178, 1182 (3d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1294, 122 L.Ed.2d 685 (1993).

■ Third, Culbertson claims the Secretary violated equal protection by arbitrarily placing him in a worse position than an identical claimant whose ALJ applied correct legal standards. But again, the Appeals Council did not act arbitrarily. Moreover, even if the equal protection clause is implicated, the decision to remand clearly advanced the Secretary's legitimate concern that disability benefits be paid only to those who qualify for such benefits.

## III.

In addition to challenging the legality of the remand order, Culbertson directly contests the Secretary's finding as to his disability onset date. Our review in this regard is limited to determining whether the second ALJ's decision is supported by substantial evidence on the record as a whole. *Jackson v. Bowen,* 873 F.2d 1111, 1113 (8th Cir.1989). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Reed v. Sullivan,* 988 F.2d 812, 814 (8th Cir.1993). This standard is " 'something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.' " *Turley v. Sullivan,* 939 F.2d 524, 528 (8th Cir.1991) (quoting *Bland v. Bowen,* 861 F.2d 533, 535 (8th Cir. 1988)). Consequently, "even if we might have weighed the evidence differently, we may not reverse the Secretary's decision when there is enough evidence in the record to support either outcome." *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992).

We have reviewed the record as a whole and find substantial evidence therein to support the second ALJ's finding that Culbertson was not disabled prior to February 11, 1988. We note, as did the second ALJ and the district court, that there is very little evidence supporting Culbertson's argument to the contrary. For instance, though Culbertson obviously experienced problems with his back prior to 1988, his pattern of treatment suggests that his condition had not yet deteriorated to the point of disability. After a fall in 1983, Culbertson had his back examined, but his next two back treatments did not occur until December 1984 and December 1987. Moreover, though Culbertson obviously suffered from dyslexia at the time in question, there is no evidence that this impairment prevented him from performing those jobs identified by the vocational expert as being within Culbertson's residual functional capacity.

We also note the lack of objective evidence that, prior to February 1988, Culbertson suffered from mental disorders affecting his ability to work.[4] In particular, no psychological evaluation was made until January 1985, at which time the ultimate diagnosis was "[n]o mental disorder with average functioning intelligence." In 1988 and 1989, Culbertson underwent additional psychological evaluations, all of which indicated he suffered from some type of disorder. The diagnoses included depression, adjustment disorder, post-traumatic stress disorder, and passive/aggressive personality. However, of the many physicians who examined Culbertson, only Dr. Heins indicated he had suffered a significant mental disorder prior to February 1988. He suggested Culbertson's post-traumatic stress disorder had worsened through the years following his military service in Korea. Unfortunately, Dr. Heins had no treatment notes predating April 1988. Moreover, the second ALJ noted that Culbertson misrepresented his prior work history and failed to disclose to Dr. Heins facts which would have been relevant to his diagnosis.[5]

Though Culbertson testified at length as to physical and mental problems, the second ALJ explicitly found the testimony was not credible insofar as it supported a claim of

---

4. Because psychological disorders usually do not occur overnight, we realize Culbertson's present mental impairments may have begun to develop before 1988. Nevertheless, we think the record clearly establishes that those impairments did not develop to the point of affecting Culbertson's residual functional capacity until the determined onset date.

5. We reject Culbertson's argument that the evaluation of Dr. Heins should not have been rejected simply because he was Culbertson's treating physician. While it is true that a treating physi-cian's assessment is entitled to great weight, *Ghant v. Bowen,* 930 F.2d 633, 639 (8th Cir. 1991), deference is not required where the opinion "is unsupported by medically acceptable clinical or diagnostic data." *Kirby v. Sullivan,* 923 F.2d 1323, 1328 (8th Cir.1991). Considering the lack of treatment notes, along with Culbertson's failure to disclose important information, we do not believe the second ALJ was required to accept entirely and without question Dr. Heins' opinion.

disability before February 1988.[6] Culbertson now claims this assessment should be subjected to "especially careful scrutiny" in that it differed from the first ALJ's conclusion. *See Webber v. Secretary of Health and Human Services,* 784 F.2d 293, 296 (8th Cir. 1986); *Day v. Heckler,* 781 F.2d 663, 665 (8th Cir.1986). However, the cases he cites for this heightened standard of review are inapposite, for they each involved the rejection of an ALJ's credibility assessment by the Appeals Council, not by another ALJ. The concern in those cases is that because the Appeals Council does not actually observe a claimant's testimony, it should not lightly overturn an ALJ who was present for that testimony. *Webber,* 784 F.2d at 296–297. In this case, the second ALJ was as capable of observing Culbertson's demeanor and judging his credibility as was the first ALJ.

 Culbertson also claims the Secretary's decision is not supported by substantial evidence because the second ALJ failed to consider that portion of the first ALJ's opinion which summarized the prior testimony of Culbertson's wife, who died before the second hearing. However, Mrs. Culbertson's testimony as paraphrased revealed absolutely nothing of Culbertson's condition prior to February 1988. It certainly supported his claim of disability, but it provided no probative value as to when that disability began. Consequently, the failure to consider the testimony does not affect our conclusion that substantial evidence supports the second ALJ's onset date.

Culbertson next contests the second ALJ's finding that prior to February 11, 1988, his residual functional capacity encompassed a significant number of jobs in the local and national economies. He argues that this finding was based on a vocational expert's testimony, which in turn was premised on defective hypothetical questions from the second ALJ. In particular, those questions did not mention Culbertson's psychological impairments. However, because

there was insufficient evidence that such impairments existed prior to the determined onset date, the second ALJ correctly omitted any reference thereto. His hypotheticals referred to Culbertson's physical limitations, his dyslexia, and his vulnerability to stress. We conclude that the questions precisely stated Culbertson's impairments prior to February 1988.

We have considered Culbertson's remaining contentions that the second ALJ failed to consider all of the evidence, failed to fully and fairly develop the record, and employed an improper piecemeal approach. We find these arguments to be without merit.

Accordingly, we affirm the judgment of the district court.

---

**6.** In this regard, the second ALJ emphasized the inconsistency between Culbertson's complaints of back pain and his sporadic pattern of treatment, as well as his misrepresentations to Dr. Heins. Moreover, Culbertson's testimony that he was nervous around people wearing suits and that he could not sit for prolonged periods of time was inconsistent with his conduct during the hearings before the second ALJ.