**Michael CICCONE, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

**No. 97 CV 3818.**

United States District Court,
E.D. New York.

Feb. 24, 1999.

Michelle F. Strum, Scheine, Fusco, Brandenstein & Rada, Woodbury, NY, for Plaintiff.

Sarah J. Lum, Assistant United States Attorney, United States Attorney's Office, Eastern District of New York, Brooklyn, NY, for Defendant.

### *ORDER*

GERSHON, District Judge.

Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 to prohibit the Appeals Council from reviewing and remanding the decision of an Administrative Law Judge ("ALJ") to award him disability benefits. The Commissioner moves to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that there is no basis for the issuance of a writ of mandamus and that the court lacks jurisdiction under 42 U.S.C. § 405(g) because plaintiff has failed to exhaust his "alternative" remedies.

Plaintiff injured his neck, back and hands in an automobile accident on September 2, 1992. On December 23, 1993, plaintiff filed with the Social Security Administration ("SSA") a Letter of Intent to file a disability insurance benefits application. In a return letter dated December 27, 1993, the SSA acknowledged receipt of plaintiff's Letter of Intent and stated that, if plaintiff filed an application within six months, December 23, 1993 would be recognized as the filing date.

Plaintiff filed a formal application on May 23, 1994, which was denied initially and upon reconsideration. Plaintiff filed a hearing request in March 1995. On June 24, 1995, prior to the hearing but upon review of the record, the ALJ issued a decision awarding plaintiff disability benefits and stating that the date of application was June 9, 1994. Since an application for disability benefits is retroactive only one year from the date of application, *see* 20 C.F.R. § 404.603, plaintiff was thereafter issued a certificate for benefits dating back to June 1993.

In June 1995, plaintiff wrote to the Office of Hearings and Appeals to request an addendum to the ALJ's decision recognizing December 23, 1993 as the date of application. On August 24, 1995, having received no response from the Office of Hearings and Appeals, plaintiff wrote to the Appeals Council "appeal[ing] so much of the ALJ decision as inadvertently failed to address the question of protective filing."

On November 28, 1995, the ALJ issued an amended decision, finding that plaintiff's date of application was December 23, 1993. On June 16, 1996, plaintiff received a corrected award letter stating that his payments were to date back to March 1993 instead of June 1993.

Notwithstanding the ALJ's revised decision, on May 9, 1997, the Council granted plaintiff's request for review, vacated the ALJ decision and remanded the case for further consideration based on its finding that the ALJ's decision did "not contain sufficient rationale with specific references to the evidence of record in support of the restrictive limitations" and did "not consider . . . the intensity, persistence and limiting effects of the alleged symptoms; objective medical evidence; daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; and the type, dosage, effectiveness and side effects of medication."

Plaintiff filed this action on July 1, 1997. He claims that, since he did not appeal the ALJ's decision on the merits but requested only that the Council correct a technical mistake, the Council was not entitled to review the merits of the decision without notice, and a writ of mandamus should issue to prohibit the Council from taking such action.

■ The mandamus statute, 28 U.S.C. § 1361, provides the district courts with "original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is appropriate where the defendant owes a plaintiff a clear, nondiscretionary duty, and all other avenues of relief have been exhausted. *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

The Commissioner argues that, since plaintiff is still entitled to complete the administrative process and then to seek review under 42 U.S.C. § 405(g), he has failed to exhaust his other avenues of relief. Plaintiff responds that, where a challenge is purely procedural in nature, a claimant is exempted from the finality requirement. He further argues that it would be futile to await the ALJ's decision because the ALJ has no authority to determine whether the Appeals Council erred in reviewing his case.

■ The Court of Appeals for the Second Circuit has held that 28 U.S.C. § 1361 provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits. *Ellis v. Blum*, 643 F.2d 68, 78 (2d Cir.1981). In *Dietsch v. Schweiker*, 700 F.2d 865, 868 (2d Cir.1983), for example, the Second Circuit held that the district court had mandamus jurisdiction to decide whether mailing a request for review of an ALJ's decision on day 60 constitutes timely filing within the meaning of the regulations. The court explained: "Plaintiff's challenge is a procedural one: he seeks to compel the Appeals Council to perform its duty with respect to a timely request for review. . . . He has no other avenue for relief. And his procedural dispute is unrelated to the merits of his claim for benefits. We conclude that the district court had mandamus jurisdiction. . . ." *Id.* at 868 (citations omitted). *See also Ellis*, 643 F.2d at 82; *Sinatra v. Heckler*, 566 F.Supp. 1354, 1358 (E.D.N.Y. 1983) (finding jurisdiction where plaintiff sought to correct an alleged procedural error that foreclosed administrative consideration of the claim.) Here, also, plaintiff does not ask this court to address the merits of his disability claim; rather, he

seeks to compel the Appeals Council to perform its duty to refrain from reviewing the merits of a claim in the absence of notice. Since plaintiff's challenge is procedural not substantive, there exists mandamus jurisdiction pursuant to 28 U.S.C. § 1361.

■ Before reaching the issue of notice, there is a question whether the Appeals Council had the power to act on plaintiff's appeal after the ALJ had granted the relief plaintiff had requested. The Commissioner acknowledges that a claimant may withdraw an appeal, pursuant to 20 C.F.R. § 404.971(a), but argues that the Appeals Council retained the power to act in this case because plaintiff did not formally withdraw his appeal after obtaining relief from the ALJ. This position is unsound. Once the agency had provided plaintiff with the relief he had requested, the appeal was effectively over. That, as the Commissioner's counsel has suggested, the Social Security Administration is a huge agency in which all parts do not necessarily communicate with each other is irrelevant. The appeal had become moot, whether the Appeals Council knew it or not.

Assuming, *arguendo*, that, in the absence of a formal request for withdrawal, the Appeals Council retained jurisdiction, the remaining issue is whether the Appeals Council was required to notify plaintiff of its decision to review the merits of his claim, or whether the letter accompanying the ALJ's decision provided sufficient notice that the Council could review the entire record even though plaintiff had requested a mere technical correction. 20 C.F.R. § 404.968 entitles a claimant to request that the Appeals Council review an ALJ's decision within 60 days of receiving notice of the decision. Section 404.969 grants the Appeals Council the authority to review the entire decision of an ALJ on its own motion, also within 60 days of the decision. When the Council initiates review on its own motion, Section 404.969 requires the Council to notify all parties by mail. Section 404.973 also requires written notice "[w]hen the Appeals Council decides to review a case."

■ The Commissioner argues that the Appeals Council was not required under the C.F.R. to notify plaintiff of its intent to review the merits of his claim. Specifically, the Commissioner contends that the Appeals Council was entitled to review any and all issues raised in the ALJ's decision and/or to remand the case without notice to plaintiff because the letter accompanying the ALJ's decision explicitly warned plaintiff that a request for review would place the entire administrative record before the Appeals Council. The letter read:

> If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. . . . Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you. On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative law Judge for a new decision.

Plaintiff contends that it would be unjust to permit the Council to overturn an ALJ's decision without notice after a claimant had already begun to collect payments and that such a policy would have a chilling effect on a claimant's willingness to seek rightful corrections.

The Court of Appeals for the Second Circuit has not ruled on this issue, and the circuits that have ruled are divided. The Third, Sixth, Seventh and Eighth Circuits have held that the warnings accompanying an ALJ's decision are sufficient to put claimants on notice that they risk losing their award if they appeal even limited aspects of the ALJ's decision. *See Culbertson v. Shalala,* 30 F.3d 934, 937–38 (8th Cir.1994); *Williams v. Sullivan, M.D.,* 970 F.2d 1178, 1182–83 (3rd Cir.), *cert. denied,* 507 U.S. 924, 113 S.Ct. 1294, 122 L.Ed.2d 685 (1993); *Hale v. Sullivan,*

934 F.2d 895, 898 (7th Cir.1991); *Gronda v. Secretary of Health & Human Services,* 856 F.2d 36, 39 (6th Cir.), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989). The Eleventh Circuit has held, however, that, when a claimant makes a limited application for review, the Appeals Council must provide the claimant with notice of its intent to review the ALJ's entire decision, including the reasons for its review and the issues to be considered. *See Baker v. Sullivan,* 880 F.2d 319, 320 (11th Cir.1989); *Bivines v. Bowen,* 833 F.2d 293, 296 (11th Cir.1987); *Kennedy v. Bowen,* 814 F.2d 1523, 1527 (11th Cir. 1987). *See also McDonald v. Secretary of Health and Human Services,* 796 F.Supp. 616 (D.Mass.1992); *Everhart v. Bowen,* 694 F.Supp. 1518 (D.Colo.1987). The Eleventh Circuit reasons that, "when the Appeals Council expands its scope of review in a claimant-initiated appeal, this expansion is equivalent to the Appeals Council's own motion review of the added issues, and the Council is not absolved from the notice requirement under 20 C.F.R. section 404.969." *Baker,* 880 F.2d at 320.

Under the facts of this case, the Eleventh Circuit's reasoning is persuasive. A reasonable claimant would not expect an ostensibly final decision to be impacted by a request for a technical correction as to the date of his application, and a "no-notice" policy would have an unreasonably chilling effect on a claimant's willingness to seek such limited review. By requesting the additional benefits guaranteed him by the regulations (which, according to plaintiff, totaled approximately $2,973), plaintiff subjected himself to a denial of benefits altogether or to a finding of overpayment. The letter accompanying the ALJ's decision did not adequately notify plaintiff that his request for a correction put him at such a risk. The letter states that a request for "review" places the entire record before the Council but it does not define "review" or explain that requests for corrections that do not go to the merits of a claim entitle the Appeals Council to engage in a full-scale evaluation of the claim. The Appeals Council's decision to review the merits of plaintiff's case was equivalent to a decision to review the claim on its own motion pursuant to Section 404.969, and, therefore, notice was required. *Cf. Rooney v. Shalala,* 879 F.Supp. 252, 256 (E.D.N.Y.1995) (claimant's due process rights violated where agency failed to give claimant adequate notice of consequences of neglecting to ask for hearing and proffered reapplication as an alternative to an appeal as though the two were equivalent).

## CONCLUSION

Defendant's motion to dismiss is denied, and plaintiff's motion for a writ of mandamus is granted. The Appeals Council is directed to vacate its order of May 9, 1997, which had vacated the decision of the ALJ and remanded the case to the ALJ for further consideration.

**SO ORDERED.**