**Susan WINSTROM, Plaintiff,**

v.

**William A. HALTER, Commissioner of Social Security, Defendant.**

**Civil No. 98–2065(JRT/AJB).**

United States District Court, D. Minnesota.

March 31, 2001.

Mary Gnewuch Amirahmadi, Law Office, Osseo, MN, for plaintiff.

Roylene A. Champeaux, Assistant United States Attorneys, Office of the United States Attorney, Minneapolis, MN, for defendant.

## MEMORANDUM OPINION AND ORDER

TUNHEIM, District Judge.

Plaintiff Susan Winstrom brings this action against the Commissioner of Social Security seeking judicial review of the denial of her application for a period of disability and for disability insurance benefits. The parties have filed cross-motions for summary judgment. This matter is now before the Court on defendant's objections to the Report and Recommendation of the Magistrate Judge dated September 29, 2000.[1] The Magistrate Judge recommended that the Court grant plaintiff's motion for summary judgment and deny defendant's motion for summary judgment.

The Court has reviewed *de novo* defendant's objections to the Report and Recommendation pursuant to 28 U.S.C.

---

1. Plaintiff also moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff claims that defendant's objections to the Report and Recommendation of the Magistrate Judge were untimely. Upon review, the Court finds that defendant's objections were timely submitted. Pursuant to LR 72.1(c)(2), defendant is permitted 10 days within which to object to a Report and Recommendation. Fed.R.Civ.P. 6(a) and the advisory committee's notes to LR 1.1(f) provide that in computing a period of time for an act allowed by the rules that is less than 11 days, Saturdays, Sundays, and legal holidays are to be excluded from computation. In this case, because September 29 fell on a Friday, there were two intervening weekends and a holiday (Columbus Day, October 9, 2000) that occurred within the 10 day period. As a result, defendant had until October 16, 2000 to submit its objections. The objections were filed on that day and are therefore timely. Additionally, in order for an award of attorney's fees to be granted, first "a judgment favorable to claimant" must be issued. 42 U.S.C. § 406(b)(1). Because no final determination in favor of plaintiff was made, plaintiff's motion is denied as premature.

§ 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court sustains defendant's objections to the recommendation of the Magistrate Judge, grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on November 22, 1994, alleging that she became disabled on November 11, 1992, as a result of a fall that injured her right side and left hand. Plaintiff's disability was based on continued pain and weakness stemming from the fall. Her claim was initially denied and that denial was affirmed after reconsideration. Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied plaintiff's claim and the Social Security Administration Appeals Council denied plaintiff's request for review, making the decision of the ALJ the final decision of defendant. *Shelton v. Chater,* 87 F.3d 992, 995 (8th Cir.1996).

Plaintiff commenced this civil action for review of the Commissioner's decision on September 14, 1998. On March 17, 1999, this Court granted defendant's motion to remand the case in order to allow defendant to continue searching for plaintiff's lost claim file. On December 1, 1999, after the Commissioner located plaintiff's claim file and prepared a transcript of the administrative proceedings, the parties stipulated and the Court ordered the case reopened.

## ANALYSIS

### A. Standard of Review

■ The Court may reject the Commissioner's decision only if it is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). The possibility that the Court could draw two inconsistent conclusions from the same record does not preclude the decision from being supported by substantial evidence. *Culbertson v. Shalala,* 30 F.3d 934, 939 (8th Cir.1994). The Court may not substitute its own judgment or findings of fact when reviewing the record for substantial evidence. *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993). Nevertheless, the Court must consider the weight of the evidence in the record and balance evidence that is contradictory. *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir. 1987).

### B. ALJ's Determination Supported by Substantial Evidence

■ As noted above, 42 U.S.C. § 405(g) requires that a reviewing court affirm the decision of the ALJ if that decision is supported by substantial evidence. This is true even if the reviewing court would decide the case differently. *Craig v. Apfel,* 212 F.3d 433, 436 (8th Cir.2000); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). In this case, the ALJ's determination that plaintiff is not "disabled" within the meaning of the Social Security Act is supported by substantial evidence in the record and therefore must be affirmed.

The ALJ properly conducted the five step sequential analysis prescribed by 20 C.F.R. § 404.1520(a)-(f). At step one, the ALJ concluded that claimant had not engaged in substantial gainful activity since the time of the alleged disability. At the second step, the ALJ determined that claimant was severely impaired. At step three, the ALJ found that claimant's impairments did not meet or equal any of the listed impairments in the regulations that would give rise to a presumption of disability. Each of these findings is unchallenged by plaintiff. At the fourth step, the ALJ concluded that claimant retained the residual functional capacity for work in the

light exertional-level category.[2] Despite this finding, the ALJ concluded that plaintiff could not perform her past work as a stock clerk in the medium exertional level category. He correctly noted that the burden then shifted to the Commissioner to prove that plaintiff could perform other work available in significant numbers in the national economy. *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983). Relying on the testimony of the vocational expert, the ALJ concluded that there are jobs existing in significant numbers in the national economy that plaintiff could perform.[3]

 The primary dispute in this case concerns the decision of the ALJ that plaintiff retained the residual functional capacity to perform light work. In reaching his step four decision, the ALJ expressly noted the applicability of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984), because many of claimant's allegations rested on subjective accounts of pain. In analyzing a plaintiff's subjective complaints, such as pain, an ALJ must consider: (1) claimant's daily activities; (2) duration, frequency, and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir.1998) (listing *Polaski* factors). "Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints." *Id.* The Court should not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 795 (8th Cir.2001).

The ALJ undertook an evaluation of each of the *Polaski* factors, ultimately discounting claimant's subject complaints of disabling pain because of inconsistencies in the record. He first considered the objective medical evidence in the record and concluded that plaintiff's complaints of severe pain were inconsistent with the medical evidence as a whole. He based this determination on a number of inconsistencies he observed in the record. This is an appropriate determination if the inconsistencies are apparent in the evidence as a whole. *Black*, 143 F.3d at 386. In this case, plaintiff underwent a number of diagnostic evaluations, including a neurological examination and multiple radiology examinations, the results of which were on the whole unremarkable. There is also evidence from a physical therapist and from plaintiff's treating physician, among others, that plaintiff's descriptions of pain were not consistent with her behavior in their presence. There is ample evidence of inconsistencies between plaintiff's complaints of disabling pain and the objective

---

2. More specifically, the ALJ concluded that plaintiff could lift twenty pounds occasionally and ten pounds frequently. The ALJ noted that plaintiff is unable to perform overhead work or work with her right arm. He also found that due to her depression, she should engage only in simple four step work, not in close proximity with the public or co-workers.

3. The vocational expert testified that someone with plaintiff's limitations would be able to perform routine work as a checking clerk or stocking clerk, as well as bench-work assembly, or inspection and packaging work. The ALJ specifically rejected a portion of the vocational expert's testimony. The vocational expert testified that a person with plaintiff's limitations, who also experienced frequent crying, pain at a constant level of 8 out of 10, and an inability to concentrate on simple tasks would not be able to perform any jobs in the economy. He rejected this testimony because he did not find plaintiff's allegations concerning these limitations to be credible. This is a proper credibility determination that is within the discretion of the ALJ. *Johnson v. Apfel*, 240 F.3d 1145 (8th Cir.2001) ("ALJ may exclude any alleged impairments that [he] has properly rejected as untrue or unsubstantiated").

medical evidence in the record to support the ALJ's analysis and his decision to discount plaintiff's subjective complaints of pain. *Hogan v. Apfel,* 239 F.3d 958, 961–62 (8th Cir.2001).

██ The ALJ noted, however, that the lack of objective evidence corroborating plaintiff's claim was only one factor to be considered in determining the credibility of plaintiff's subjective statements. The ALJ proceeded to analyze the reports of plaintiff's treating and evaluating doctors as well as third parties. The ALJ discounted the evaluation of plaintiff's treating physician because his evaluation was based largely on plaintiff's self-reports and because of internal inconsistencies within his report. The ALJ chose instead to rely more heavily on the testimony of medical expert, Dr. LaBree. Dr. LaBree testified that there was little evidence of any physical abnormality in plaintiff's case and that he would have limited plaintiff to light work considering the diagnosis of chronic pain. Although a treating physician's report is generally entitled to significant weight, such a report may be discounted if not based on objective medical evidence, if conclusory, or if based primarily on plaintiff's own complaints of pain. *Woolf,* 3 F.3d at 1214 (discounting treating physi-

cian's conclusion of disability because it was based solely on plaintiff's complaints of pain); *Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir.1995) (weight given to treating physician's opinion is limited if it consists only of conclusory statements, and is not supported by objective medical tests or diagnostic data). Here, there is substantial evidence in the record to support the ALJ's decision to rely on Dr. LaBree rather than plaintiff's treating physician.

The ALJ next considered plaintiff's course of treatment and use of medications, concluding that her course of treatment was inconsistent with her claim of disability primarily because she failed to participate in and complete recommended courses of physical therapy and other treatment. *Rautio v. Bowen,* 862 F.2d 176, 179 (8th Cir.1988) (failure to seek aggressive treatment is not suggestive of disabling pain). He also found that plaintiff's use of medications did not preclude light work. The ALJ then analyzed plaintiff's work history[4], precipitating and aggravating factors[5], her daily living activities and functional limitations, and her mental impairments[6]. Each of these analyses are supported by substantial evidence in the record before the ALJ.

4. The ALJ recounted that plaintiff worked as a stock clerk/sales associate for Dayton's from 1981 to 1991 and at Marshall's from 1991 to 1992. The report explained that plaintiff was dismissed from her job because she reported that she could not work for more than six hours a week and that plaintiff was unable to complete a work hardening program. Finally, the ALJ also noted that throughout the record there were indications of plaintiff's motive for financial gain based on a lawsuit against her employer. This analysis is amply supported by the record.

5. The ALJ's discussion of aggravating and precipitating factors was brief and undetailed, discussing only that plaintiff was encouraged to quit smoking, that she was anxious and depressed prior to a hearing for her litigation

against her employer, and that her reports of chronic pain were not precipitated by a specific event or supported by physical findings. Although the Court does not consider the ALJ's discussion of aggravating and precipitating factors thorough, it provides no basis for remand as the analysis is supported in the record.

6. The ALJ adequately described plaintiff's daily activities and limitations. While the ALJ did not make a specific credibility determination with respect to plaintiff's fiancé, he noted that the testimony of the fiancé corroborated claimant's testimony. With respect to plaintiff's mental impairment, the Magistrate Judge stated, and the Court concurs that there were no real flaws in this aspect of the ALJ's analysis.

This is not to say that the record is completely devoid of evidence that favors plaintiff's complaints of disabling pain. There is evidence in the record demonstrating plaintiff's frequent and continued use of prescription medication. *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir.1998) (taking many medications supports complaints of pain). Additionally, the record contains evidence, as noted in the ALJ's report, that plaintiff's daily activities are limited. Plaintiff testified, and her fiancé corroborated, that she does few things around the house, rarely runs errands or performs activities outside of the home, and sleeps very poorly. Plaintiff's treating physician also ultimately concluded, based on her chronic pain, that he considered her disabled. While this evidence certainly supports plaintiff's claim, the entirety of ALJ's analysis provides a legitimate reason to defer to the ALJ's credibility assessment. *Gowell*, 242 F.3d at 797.

 Having reviewed the complete record in this case, including the evidence that detracts from the ALJ's findings, the Court concludes that the decision of the ALJ is supported by substantial evidence. While the Court may not necessarily agree with the conclusion of the ALJ, it is not the province of this Court to re-weigh evidence and make credibility determinations anew. *Stephens v. Shalala*, 50 F.3d 538, 540 (8th Cir.1995); *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir.1996) ("while these limitations, if accepted as credible, might have supported a disability finding, we will not substitute our opinion for that of the ALJ, who is in a better position to assess a claimant's credibility"). Those functions are left to the ALJ in the first instance, who has the benefit of live testimony. The Eighth Circuit has made clear time and time again that deference is to be given to the findings of the ALJ so long as those findings are based on substantial evidence in the record as a whole. Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. *Cox v. Apfel*, 160 F.3d 1203, 1206–07 (8th Cir.1998). The Eighth Circuit has stated that this standard "allows the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson*, 30 F.3d at 939 (internal quotations omitted). Here, the ALJ employed the correct legal standards and made a reasoned decision that is supported by substantial evidence. Accordingly, defendant's objections to the recommendation of the Magistrate Judge are sustained and defendant's motion for summary judgment is granted.

### ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **SUSTAINS** defendant's objections [Docket No. 24] and **REJECTS** the Report and Recommendation of the Magistrate Judge [Docket No. 23]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 19] is **DENIED.**

2. Defendant's Motion for Summary Judgment [Docket No. 21] is **GRANTED.**

**IT IS FURTHER ORDERED** that

3. Plaintiff's motion for attorney fees [Docket No.25] is **DENIED** as premature.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**