Jerry KEESING, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security Administration; Beatrice M. Disman, Regional Commissioner of the New York Region of the Social Security Administration; Robert Stanton, District Manager of the Syracuse Local Office of the Social Security Administration, Defendants.

No. 00–CV–1746.

United States District Court, N.D. New York.

Dec. 18, 2000.

Jerry Keesing, Syracuse, NY, Pro se.

## MEMORANDUM DECISION and ORDER

MCAVOY, District Judge.

Presently before the court is an application to proceed without payment of fees in the instant case pursuant to 28 U.S.C. § 1915. Section 1915 provides that the court may authorize commencement, prosecution, or maintenance of a suit without the prepayment of fees by an individual who shows that he or she is unable to pay court fees. 28 U.S.C. § 1915(a)(1). Plaintiff in the instant case has met the financial requirements.

Section 1915 also provides, however, that the court shall dismiss the case at any time if the court determines, *inter alia*, that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i)-(iii).

A review of the complaint and petition in the instant case shows that plaintiff is seeking a review of a decision by the Commissioner of Social Security, appointing a representative payee for plaintiff's Supplemental Security Income (SSI) benefits. Plaintiff disagrees with this decision and is requesting the immediate reinstatement of payments directly to him. Plaintiff initially filed this action in the Eastern District of New York, and November 9, 2000, the Honorable Nina Gershon, United States District Judge transferred this action to the Northern District of New York. (Docket # 8). Plaintiff has included an order to show cause.

Plaintiff has named three defendants in the instant action: Kenneth S. Apfel, Commissioner of Social Security; Beatrice M. Disman, Regional Commissioner of the New York Region of the Social Security Administration; and Robert Stanton, District Manager of the Syracuse Local Office of the Social Security Administration. Plaintiff purports to bring this action either under the Social Security Act, 42 U.S.C. § 405(g), or under 28 U.S.C. § 1361, an action for mandamus.

■ The only proper defendant in an action under section 405(g) is the Commissioner of Social Security. *See Ostroff v. State of Florida, Department of Health & Rehabilitative Services*, 554 F.Supp. 347, 352 (M.D.Fla.1983)(section 405(g) only authorizes suit against the Secretary of Health and Human Services, now the Commissioner of Social Security). Thus, plaintiff in the instant case can state no claim under section 405(g) against defendants Disman and Stanton.

■ Additionally, section 405(g) requires that plaintiff exhaust his administrative remedies and appeal from a "final decision" of the Commissioner. 42 U.S.C. § 405(g). *See Blanchard v. Social Security Administration*, 1993 WL 72353, *1–3 (E.D.N.Y. March 1, 1993). It is well-settled that the district court may not review an adverse decision of the Commissioner regarding the plaintiff's entitlement to SSI except as expressly authorized by the Social Security Act, 42 U.S.C. § 1383(c)(3)(incorporating section 405(g)). *Id.* Plaintiff must first present his claim to the Commissioner. *Id.* (citing *Schweiker v. Chilicky*, 487 U.S. 412, 424, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).

■ In the instant case, plaintiff concedes that he has not exhausted his admin-

istrative remedies. Plaintiff alleges that he received an initial decision and reconsideration. Plaintiff then states that he requested a hearing, but it appears that plaintiff has not yet had a hearing or obtained an adverse decision from an Administrative Law Judge. Instead, plaintiff filed suit in federal court. Because plaintiff has not exhausted his administrative remedies, he may not bring this action under section 405(g).

■ Alternatively, plaintiff seeks to bring an action for mandamus under 28 U.S.C. § 1361. However, section 1361 provides for mandamus jurisdiction to review otherwise unreviewable procedural issues, not related to the merits of the claim for benefits. *Ciccone v. Apfel,* 38 F.Supp.2d 224, 226 (E.D.N.Y.1999). The common law writ of mandamus is intended to provide a remedy only if plaintiff has exhausted all other avenues of relief and if the defendant owes plaintiff a clear nondiscretionary duty. *Heckler v. Ringer,* 466 U.S. at 616–17, 104 S.Ct. 2013.

In the instant case, plaintiff is challenging the agency's determination that plaintiff requires a representative payee. Any issues raised are intertwined with the merits of plaintiff's claim. Plaintiff's papers contain various administrative documents, letters, and e-mails to agency personnel regarding plaintiff's claims. In these documents, plaintiff also appears to allege some sort of fraud or wrongdoing by some individuals. Plaintiff challenges the reasons for the assignment of a representative payee and questions the motives behind this action. Plaintiff had available administrative remedies to challenge that decision. He has chosen to file this action prior to completing these challenges.[1] Thus, mandamus is not available as a jurisdictional basis for plaintiff's action.

Finally, plaintiff does not make a specific constitutional claim that could excuse

the exhaustion requirement. *See Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)(court may maintain jurisdiction if plaintiff presents colorable constitutional claim). Plaintiff includes a conclusory paragraph in a document submitted with his complaint regarding waiver of the exhaustion requirement and alludes to a due process issue, but does not make a specific constitutional claim in his complaint. Although the court is dismissing this action based on the complaint, the dismissal is without prejudice to the plaintiff properly filing after the exhaustion of administrative remedies or upon amendment of the complaint to assert a colorable constitutional issue, excusing the exhaustion requirement.

Having considered the application to proceed without prepayment of fees under 28 U.S.C. § 1915, it is hereby

**ORDERED,** that the application is **GRANTED.** The Clerk is directed to file the complaint, and it is further

**ORDERED,** that the action is **DISMISSED WITHOUT PREJUDICE.**

---

1. In the complaint, plaintiff states that he has taken an appeal to the "Administrative Law Judge Hearing stage" and "intend[s] to complete the administrative appeals process steps to a final determination by the commissioner [sic], if the present Court does not find doing so futile." Complaint at ¶ 15.